# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Commonwealth of Pennsylvania *v.* W. E. George, Appellant.

*Criminal law—Indictment for rape—Conviction for attempt.*

To secure a conviction for an attempt to commit rape, under an indictment containing a single count charging rape under the Act of May 19, 1887, P. L. 128, it is not necessary to add a count charging defendant with assault and battery with intent, etc.

*Criminal law—Erroneous form of verdict—Correction of record.*

Where a written paper inconsistent with the verdict was returned by the jury and received by the court and through the mistake of the clerk put upon record, such paper is immaterial when subsequently it was moulded into proper form by the court in the presence of the jury who acquiesced in the corrections suggested by the court. The court has control of its own record and may correct same at the time.

Argued Oct. 4, 1899. Appeal, No. 24, April T., 1900, by defendant, from judgment of O. & T. Allegheny Co., Sept. Sess., 1898, No. 5, on verdict of guilty. Before Rice, P. J., Beaver, Orlady, Smith, W. W. Porter and Beeber, JJ. Affirmed. Opinion by Orlady, J.

Indictment for felonious rape under the Act of May 19, 1887, P. L. 128. Before Frazer, J.

The facts appear from the opinion of the court below.

The indictment in this case charges the defendant with felonious rape, and is drawn under the act of May 19, 1887. The female upon whom the offense is alleged to have been committed is Irene Hare, who at the time, July 15, 1898, was ten years and two months old. The indictment contains but one count, that charging felonious rape. The jury acquitted the defendant of the felony, and convicted him of an attempt to commit the same.

At the trial the girl, after being sworn, told in a straightforward and evidently truthful manner of the occurrences of the evening upon which the offense is alleged to have been committed ; she told of getting into defendant's buggy with him ; of defendant driving out the plank road, first stopping at a saloon and purchasing two bottles of pop, which they afterwards drank ; then stopping for a few moments in front of a friend's house ; then driving into the country and stopping at a picnic grounds, where both got out of the buggy, and entered a small house, erected on the picnic grounds ; that while in the house defendant laid her upon a bench, pulled up her clothes, opened her drawers and put his naked private parts against hers ; that she cried and asked defendant to take her home because it was " getting dark." The next day she informed her mother of the defendant's acts, and the mother testified that the child's private parts showed evidence of abuse. The defendant went upon the stand in his own defense, admitted taking the child for a drive, but denied taking any liberties with her whatever, either while in the buggy or at the picnic grounds ; according to his testimony he remained in the buggy while the girl got out and went into the house at the picnic grounds.

In our charge, after stating what was necessary to constitute rape, we told the jury that if they were not satisfied beyond a reasonable doubt that the offense had been completed, there should be no conviction of rape, but that if they were satisfied from all the evidence that the defendant had attempted to have intercourse with the girl, as detailed by her, without completing the offense, he should be acquitted of the felony and found guilty of an attempt, under section 50 of the Act of March 31, 1860, P. L. 427.

The verdict received and recorded was : " Not guilty of the

felony charged, but guilty of an attempt to commit felonious rape." The defendant's reasons for an arrest of judgment and new trial are (1) that the verdict recorded is not the verdict rendered by the jury, and (2) there can be no conviction of an attempt to commit rape under the indictment in this case.

When the jury returned to court with their verdict the indictment contained the indorsement, " Guilty of assault and battery, with intent of committing felonious rape. A. Kline, foreman." As nothing had been said throughout the trial or in our charge in regard to assault and battery being committed upon the girl, we directed the clerk to receive and record the verdict as " not guilty of the felony charged, but guilty of an attempt to commit felonious rape." This was done, and we are informed that the verdict was subsequently copied into the minute book as written upon the indictment by the foreman of the jury. This error was, however, corrected the same day, and the records now show the verdict as taken by the court. Under our instructions the jury could render one of three verdicts, viz: Guilty as indicted, guilty of an attempt to commit rape under the act of March 31, 1860, or acquittal. It was undoubtedly their intention to find the defendant guilty of an attempt to commit the offense charged in the indictment, and it was our duty to see that the verdict conformed to that intention, which we did. The form prepared in the jury room and indorsed on the indictment has no significance whatever, and is no part of the record: Com. v. Breyessee, 160 Pa. 457.

As to the second reason for an arrest of judgment, viz: that there can be no conviction under the 50th section of the act of March 31, 1860, for an attempt to commit rape, we think the reason is not well founded. It seems to us that the section is intended to meet cases of this kind. According to the testimony of the girl there is some doubt as to whether the offense of rape was actually completed, and the doctor who examined the girl says he saw no evidence of a penetration; if it was not, there was sufficient testimony, if believed, to justify a conviction of an attempt to commit the offense. The jury properly gave the defendant the benefit of the doubt, and found him guilty of the lesser offense, as we instructed them they could do if the evidence so warranted. At the time we were of the opinion that the words " charged with any felony

4     COMMONWEALTH *v.* GEORGE.

Opinion of Court below—Assignment of Errors. [12 Pa. Superior Ct.

or misdemeanor," as used in section 50, act of March 31, 1860, above referred to, included the offense charged in this case, and have not been referred to any law or decision to the contrary. If we are correct in the conclusion that the section above referred to includes rape, the defendant has not been deprived of any right or privilege given to him by any law, and has no reason to complain.

We think the verdict is warranted by both the law and the evidence, and should not be disturbed. [The rule in arrest of judgment is discharged, and a new trial refused.] [1]

Defendant appealed.

*Errors assigned* were (1) in making the following order: "The rule in arrest of judgment is discharged and a new trial refused." (2) In entering the following judgment or sentence upon the defendant: "The sentence of this court is that you pay a fine of six and one fourth cents to the commonwealth, pay the costs of prosecution, and undergo an imprisonment in the Allegheny county work house for and during the period of one year." (3) In discharging the defendant's motion in arrest of judgment, which motion and reasons therefor are as follows: "And now, to wit, April 29, 1899, the above named defendant, W. E. George, by his attorney, Ulysses G. Vogan, respectfully moves your honorable court for an arrest of judgment in the above entitled suit, and assigns therefor the following reasons: That under the indictment in this suit which is an indictment for 'felonious rape' framed under the act of May 19, 1887, there can be no legal conviction of 'assault and battery with intent to rape.'" Additional reasons: "1. That there can be no judgment entered in this suit except upon the verdict returned by the jury as written on the indictment and signed by the foreman, and which was as follows: 'Guilty of assault and battery with intent of committing felonious rape.' 2. That neither the court nor any other authority has the right to alter or change the verdict as above quoted so as to read: 'Guilty of attempt to commit felonious rape'; wherefore no legal judgment can be entered in this suit, nor any sentence of punishment be imposed upon the defendant for the offense last above mentioned."

*Ulysses G. Vogan,* with him *Harvey A. Miller,* for appellant.
—The defendant was indicted under the act of May 19, 1887.
The act of assembly relating to attempted rape is section 93 of
the act of March 31, 1860.

These two acts embrace all the statutory enactments upon
the subject, one relating to rape, and the other relating to as-
sault and battery with intent to rape. It is conceded that
counts for the two offenses may be joined, and a conviction had
upon one or the other, but nowhere has counsel been able to
find in a reported case, since the passage of these two acts,
where on a single count for felonious rape there has been a
conviction for assault and battery with intent to rape. In the
case of Com. v. Harper, 14 W. N. C. 10 it was held there could
be no such conviction.

At common law there were the two offenses of rape and as-
sault and battery with intent to rape, and the legislature having
adopted statutes pertaining to both offenses, the common law
on the subject has all been superseded and naught of it remains.
The legislature having defined the two offenses of "felonious
rape" and "assault and battery with intent to commit rape"
and provided for their punishment this would seem to embrace
all the law there is upon the subject. Neither at common law
nor by statute is there such a crime as "attempt to commit felo-
nious rape," and section 50 of the act of 1866 certainly makes
no new offense.

Both by common law and by our statute, "assault and bat-
tery" is a necessary incident of the incompleted or attempted
rape, and the assault and battery must be found to exist, and
it is a necessary part of the verdict of the jury. If the assault
and battery is not found by the jury there is no crime for which
sentence of punishment can be passed under section 93 of the
Act of March 30, 1860, P. L. 382. The defendant not having
been found guilty of this or any other definite offense, judgment
should have been arrested.

*John C. Haymaker,* district attorney, with him *John S. Robb,
Jr.,* first assistant district attorney, for appellee.—The verdict
in open court, taken by the proper officer, is the only competent
evidence of what the jury found. The paper delivered to the
judge is never filed, nor is it a part of the record: Dornick v.

Reichenback, 10 S. & R. 84; Rees v. Stillé, 38 Pa. 138. The jury have control of their verdict down until it is recorded in court, and before being so rendered and recorded, any member thereof can change his finding. The verdict is without force or validity until received and recorded: 2 Thompson on Trials, sec. 2635. The form of the verdict as recorded must govern, in case of any discrepancy between it and the verdict which the jury actually returned into court, the presumption being that the jury assented to the verdict as recorded: 2 Thompson on Trials, sec. 2635; Leftwich v. Day, 32 Minn. 512.

The crime committed by appellant is an offense at common law: 4 Blackstone, 212; 1 Hale, P. C. 631. It requires only the reading of the act under which appellant was indicted, and the one providing for the conviction of attempts, in all felonies and misdemeanors, to see that the conviction and judgment in this case were correct.

The defendant was indicted for carnally knowing a female child under twelve years of age, and on trial the jury found him not guilty of the felony charged, but guilty of an attempt to commit such felony.

The assent of the girl being void as to the principal crime, it is equally so as to the attempt: Hays v. People, 1 Hill (N. Y.), 351.

The case of Com. v. Harper, 14 W. N. C. 10, is not authority in this state, and the following cases show that on an indictment charging a felony the defendant may be convicted of a constituent misdemeanor: Com. v. Lewis, 140 Pa. 561; Hunter v. Com., 79 Pa. 503; Com. v. Parker, 146 Pa. 343.

OPINION BY ORLADY, J., November 20, 1899:

The indictment in this case contains a single count and is drawn under the Act of May 19, 1887, P. L. 128, in which the defendant is charged with felonious rape of a woman child under the age of sixteen years. The jury was instructed by the learned trial judge that, " If they were not satisfied beyond a reasonable doubt that the offense had been completed, there should be no conviction of rape, but that if they were satisfied from all the evidence that the defendant had attempted to have intercourse with the girl, as detailed by her, without completing the offense, he should be acquitted of the felony and found

guilty of an attempt to commit the same." The verdict received and recorded was "not guilty of the felony charged but guilty of an attempt to commit felonious rape." The contention of the appellant, that a written paper which was inconsistent with the verdict and was returned to and received by the court, should be considered as the verdict is without merit, even though it was, through the mistake of a clerk, put on record. The verdict actually returned by the jury is all that we are concerned about and it appears that the written paper was a memoranda of their conclusion at a time when the law was not clearly understood by that body, and when properly instructed by the court, it was moulded into proper form, in the presence of the jury, who acquiesced in the corrections suggested by the trial judge.

The verdict was fully warranted by the evidence and to secure a conviction for an attempt to commit this crime it is not necessary to add a count in the indictment charging the defendant with assault and battery with intent to commit a rape.

The joinder of such counts has been held to be proper: Harman v. Commonwealth, 12 S. & R. 69; Shevick v. Commonwealth, 78 Pa. 460. This indictment was for the special crime mentioned in the statute. The defendant was prosecuted for that felony and by reason of the failure of the commonwealth to establish his guilt of the completed offense the verdict was just such as was contemplated by section 50 of the Criminal Procedure Act of March 31, 1860, P. L. 427, which was enacted to facilitate the conviction of offenders, and avoid unnecessary delay in the administration of criminal justice. It was not necessary to re-enact this section to have it apply to the act of May 19, 1887, as they are constituent parts of a system depending upon and relating to each other as intimately as if embraced in one enactment.

The judgment is affirmed.