Commonwealth ex rel. Case *v.* Smith, Warden.

184

Argued December 19, 1938.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER and RHODES, JJ.

*Herbert L. Maris,* for petitioner.

*Harry Felix,* Assistant District Attorney, with him *Charles F. Kelley,* District Attorney for defendant.

OPINION BY KELLER, P. J., January 31, 1939:

Petition for writ of habeas corpus.

From the record filed with his answer by the District Attorney we learn the following:

Three indictments were returned on August 22, 1934 as true bills against the relator at the August Sessions, 1934, of the Court of Oyer and Terminer of Philadelphia County, Nos. 693, 694 and 695, and one, No. 696, in the court of quarter sessions.

No. 693 contained five counts, ( (1) assault and battery, (2) 'aggravated' assault and battery, (3) assault and battery with intent to commit rape, (4) assault and felonious attempt to carnally know and abuse a woman-child under the age of sixteen years, (5) felonious rape and carnal knowledge and abuse of a woman-child under the age of sixteen years), all relating to offenses alleged to have been committed upon one Mary Gross, on November 3, 1933.

No. 694 contained the same counts with reference to offenses alleged to have been committed on the same child on November 6, 1933.

No. 695 contained the same counts with reference to offenses alleged to have been committed upon one Mabel Haines, on November 6, 1933.

The counts for the misdemeanors and felony charged in these indictments may be joined in one indictment: *Stevick v. Com.,* 78 Pa. 460.

No. 696 charged the defendant, (this relator), (1) with unlawfully taking and (2) unlawfully inveigling and enticing, the above named girls, under the age of sixteen years, on November 6, 1933, for the purpose of sexual intercourse.[1]

It appeared from the testimony on the trial that at the time of the alleged occurrences Mary Gross was nine years old and Mabel Haines was eight years old, that there had been no penetration, and that no resistance was made by either of them to what was done.

The cases were tried together and a verdict of guilty of attempted rape was rendered on each of the indictments Nos. 693, 694 and 695, and of guilty on No. 696.

After sentence had been pronounced on bills Nos. 693 and 695, and revoked pending further investigation, on March 7, 1935 a sentence of imprisonment in the Eastern State Penitentiary was reimposed under No. 693 of not less than five years nor more than ten years, to date from January 15, 1935; and under No. 695, like imprisonment of not less than two and a half years nor more than five years to begin at the expiration of the sentence under No. 693. Sentence was not pronounced under bills No. 694 and 696, the bills being endorsed: "Sentence on Bills No. 693 and 695."

The relator contends that an attempt to commit rape is synonymous with an assault and battery with intent to commit rape, and that under our ruling in *Com. v. Miller,* 80 Pa. Superior Ct. 309, force and absence of consent are essential elements of rape both at common law and under the 93d section of the Criminal Code of

---

[1]Act of May 28, 1885, P. L. 27. See *Com. v. Lakey,* 88 Pa. Superior Ct. 399; *Com. v. Walker,* 34 Pa. Superior Ct. 14.

March 31, 1860, P. L. 382, relating to assault and battery with intent to commit rape. We held in that case, in which the indictment charged assault and battery with intent forcibly to commit rape under section 93, supra, that the instructions by the trial judge that if the girl was under sixteen years of age, the defendant might be convicted of assault and battery with intent to commit rape, if he made any attempt to have carnal knowledge of her, whether she consented or not, and whether or not it was his intention to have connection with her forcibly and against her will, were erroneous and required a reversal and a new trial. Relator argues that this ruling conclusively establishes that his convictions of attempted rape were illegal and that he is entitled to be discharged from imprisonment. We do not so read that case nor do we so understand the law.

We do not feel that we are required in this proceeding to decide whether in all cases there is no distinction between an attempt to commit rape and an assault and battery with intent to commit rape. We are of opinion that as respects forcible rape, often referred to as rape at common law, there was no distinction between them; that as rape was the carnal knowledge of a woman forcibly and against her will, any attempt to commit rape required force and absence of consent, and hence amounted to an assault and battery with intent to commit rape. Judge WILLIAM D. PORTER, who had no superior in the fields of criminal law and criminal procedure, speaking for the Court in *Com. v. Miller,* supra, said: "An assault and battery, with the intent, forcibly and against her will, to have unlawful carnal knowledge of a woman, was a common law offense: 4 Blackstone's Com. 216. The Act of 1860 [sec. 93] was declaratory of the common law, but it provided a distinct penalty for this offense. The first count of the indictment in this case was properly drawn in the language of the statute and charged that the assault was made, 'with the intent, forcibly and against her will to have unlaw-

ful carnal knowledge' of the female. Force and the absence of consent of the woman were essential elements of the crime, both at common law and under the statute: *Kelly v. Com.,* 1 Grant 484."

In *Kelly v. Com.,* 1 Grant 484, cited by Judge PORTER in the Miller case, supra, the Supreme Court, speaking through Mr. Justice THOMPSON, said (p. 488): "The court should have instructed the jury that *acts* are necessary to constitute an attempt, and that an attempt to commit rape is an ineffectual offer, by force, with intent to have carnal connection." Chief Justice WOODWARD said, along the same line: "The attempt can only be made by an actual, ineffectual *deed,* done in pursuance of, and in furtherance of the design to commit the offense": *Smith v. Com.,* 54 Pa. 209, 213. See also, *Harman v. Com.,* 12 S. & R. 69; *Hackett v. Com.,* 15 Pa. 95, 99.

Whether the creation of a new felony under the amendment of May 19, 1887, P. L. 128, "viz.: consensual sexual intercourse with a female, above the age of ten years and under sixteen years,"[2] automatically carried in its train the applicability of section 50 of the Criminal Procedure Code of March 31, 1860, P. L. 427, which provides, inter alia, that "If on the trial of any person charged with any felony or misdemeanor, it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged, but was guilty of an attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return, as their verdict, that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same,"[3] it is not necessary for us to decide in this case, for as we shall hereafter point out, this relator was, under the facts in this record, and particularly in view of the ages of the children, properly indictable for felon-

---

[2] PORTER, J. in *Com. v. Miller,* 80 Pa. Superior Ct. 309, 312.

[3] See SADLER on Criminal and Penal Procedure, sec. 286, p. 310.

ious rape under section 91 of the Criminal Code, as it was before the amendment of May 19, 1887 was passed, and for assault and battery with intent to commit rape, [that is attempt to commit felonious forcible rape], under section 93 of the code; but if section 50 of the criminal procedure code automatically applies to the new felony created under the amendment of 1887, supra, it is certain that the attempt to commit the new felony, viz.: consensual sexual intercourse with a female, over the age of ten years and under sixteen years, commonly referred to as "statutory rape," should not carry with it a heavier penalty than that prescribed for attempt to commit forcible rape, or assault and battery with intent to commit such rape, under section 93, for which the maximum penalty is five years in the penitentiary. The language used by Mr. Justice DUNCAN, who was likewise notable for his knowledge of criminal law and procedure,[4] in *Rogers v. Com.*, 5 S. & R. 463, 467, in holding that the punishment for an ineffectual attempt to commit a crime could never be greater than that prescribed for the completed crime, may be used by analogy: "It never could be the intention of the legislature to punish with greater severity an abortive attempt, than a successful issue, or leave it in the power of the court to do so."

Sir Edward Coke in his Institutes (3 Coke Inst. 60) defined rape as follows: "Rape is felony, by the common law, declared by parliament, for the unlawful and carnal knowledge and abuse of any woman above the age of ten years, against her will, or of a woman child, under the age of ten years with her will or against her will."

Sir Matthew Hale in his Pleas of the Crown, defined rape to be, "The carnal knowledge of any woman above the age of ten years against her will, and of a woman child under the age of ten years with or against her

---

[4] See the statement of BURNSIDE, J. in *Clellans v. Com.*, 8 Pa. 223, 228.

will."[5]  Both of these definitions were based on the declaration in the Act of 18 Elizabeth, chap. 7, sec. 4, which provided: "If any person shall unlawfully and carnally know and abuse any woman-child under the age of ten years, it shall be felony without benefit of clergy." Sir Matthew pointed out, (p. 631), that the age of consent for females was twelve, not ten; hence, it is clear that the Statute of 18 Elizabeth was not dealing with the 'age of consent'; and it may reasonably be understood to be declaratory of the proposition that a child under the age of ten years was so young as to be incapable of any will or consent in sexual matters.

In Hawkins Pleas of the Crown[6] it is said: "It was a question before 18 Elizabeth, c. 7, whether a rape could be committed on a child of the age of six or seven years; but by that statute, 'Whosoever shall unlawfully and carnally know and abuse any woman-child under the age of ten years, shall suffer as a felon without clergy.'" And in Note 2 to this section, it is said: "Sir M. Hale is of opinion that it is rape to have carnal connexion with an infant under the age of twelve years—[that is, with or without her consent]—because, he observes, twelve years is the age of consent in a female, (H. P. C. p. 731 [631?]). But Mr. J. Blackstone says that the law has been generally held to extend to infants under *ten* (4 Comm. c. 15 [4 Comm. p. 212]), though it should seem, he added, that infants between ten and twelve are still under the protection of the Statute of Westminster 1." [3 Edward 1, c. 13.]

This was the state of the law on the subject of rape when this Commonwealth was formed, and when our statutes relating to rape were passed.[7]  In none of them, before the criminal code of 1860, was rape defined.

---

[5] 1st Am. Ed. (Stokes & Ingersoll) p. 628, Philadelphia Law Library.

[6] 8th Edition (Curwood) p. 122, sec. 4.

[7] See Acts of May 31, 1718, chap. 236, sec. 7, 1 Sm. L. 105, 113; Act of April 22, 1794, chap. 1766, sec. 4, 3 Sm. L. 186, 187; Act of April 23, 1829, chap. 6517, sec. 2, 10 Sm. L. 430, 431.

However, the Act of May 31, 1718, 1 Sm. L. 105, 113, in section 7, which dealt with rape, robbery and other grave crimes, provided that any person "being convicted thereof as abovesaid, shall suffer as felons, according to the tenor, direction, form and effect of the several statutes, in such cases respectively made and provided in Great Britain"; and the statute of 18 Elizabeth, c. 7, was then in force: 4 Blackstone's Comm. 212. Our statutes simply referred to 'rape,' and they related to rape as it was defined and declared by the law of England in force when this colony was established.

This situation, as respects the crime of rape, was definitely recognized in our criminal code of 1860 in sections 91 and 92. Section 91 provided: "If any person shall have unlawful carnal knowledge of a woman, forcibly and against her will, or who, being of the age of fourteen years and upwards, shall unlawfully and carnally know and abuse any woman-child under the age of ten years, with or without her consent, such person shall be adjudged guilty of felonious rape and, on conviction, be sentenced to pay a fine not exceeding one thousand dollars, and to undergo an imprisonment, by separate or solitary confinement at labor, not exceeding fifteen years."

Section 92, which has not been repealed or amended, relates to the proof of carnal knowledge of a female child under the age of ten years, and is almost word for word an adoption into our law of the English statute of 9 George IV, c. 31, sec. 18, the purpose of which was to make more effective the statute of 18 Elizabeth, c. 7.

Section 91, in our opinion, was declaratory of the proposition above referred to, that a child under the age of ten years is so young as to be incapable of any will or consent in sexual matters, and that "she does not and cannot take in the meaning of what is done";[8] and the amendment of May 19, 1887, supra, did not affect this well understood principle in our law, for as before

---

[8] ALLEN J. in *Com. v. Roosnell*, 143 Mass. 32, 8 N. E. 747, 752.

stated, Judge PORTER in discussing the effect of the amendment of 1887, said in *Com. v. Miller,* supra, "The manifest effect of the Act of 1887 is to make something felonious rape which before was not rape, either at common law or by statute, viz.: consensual sexual intercourse with a female, *above the age of ten years* and under sixteen years." (italics supplied). In *Com. v. Cyaus,* 88 Pa. Superior Ct. 227, the question arose relative to an assault and battery with intent to commit rape on a child five years old, and while we did not specifically refer to sections 91 and 92 of the criminal code, we said, speaking through Judge GAWTHROP: "Where, as here, the female is not only so young that she is incapable of consenting to sexual intercourse, but cannot even entertain a thought upon that subject, a jury is warranted in finding an intent to have carnal knowledge of the child *forcibly* whenever the evidence warrants a finding that the defendant laid his hands upon her with an intent to carnally know her." The same language, in view of the long established law on the subject, can properly be applied to a child under the age of ten years. See 1 Wharton on Criminal Law, sec. 702, 12th edition.

The evidence in this case was sufficient to justify the jury in finding the defendant guilty on indictments Nos. 693, 694 and 695, of attempt to commit rape, considered as equivalent to assault and battery with intent to commit rape, and it follows that his conviction was proper.

As pointed out, however, the sentence on this charge is a maximum of five years in the penitentiary. It follows that the sentence on bill No. 693 is illegal to the extent that it exceeds a maximum of five years. The sentence on bill No. 695 is valid and legal.

It is accordingly ordered that the relator be remanded to the Court of Quarter Sessions of Philadelphia County, to be resentenced on bill No. 693 August Sessions, 1934, in accordance with law.