## Commonwealth *v.* Orris, Appellant.

Argued December 16, 1938; reargued April 28, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John Willock Brown,* with him *Elwood B. Haworth,* for appellant.

*Louis L. Kaufman,* with him *Chauncey E. Pruger,* Assistant District Attorney, and *Andrew T. Park,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., June 26, 1939:

The indictment against appellant, an adult, contained a single count charging him, in the language of Section 91 of the Penal Code of March 31, 1860, P. L. 382, as amended by the Act of May 19, 1887, P. L. 128, (18 PS §2261) with the felony of having carnally known and abused Dorothy Williams, a woman child twelve years of age.

The applicable provisions of the statute, as amended, read: "If any person, ...... being of the age of sixteen years and upwards, shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, with or without her consent, such person shall be adjudged guilty of felonious rape. ......"

It is not necessary, under the assignments and statement of questions involved, to discuss in detail the evidence adduced at the trial. Appellant's defense was an alibi. The time and place of the offense fixed by the evidence for the Commonwealth was about five o'clock on the afternoon of January 21, 1937, in a house in which appellant lived alone; he did not take the stand, but sought by the testimony of several witnesses to show his presence at that time in the office of an electrical contractor, a number of blocks distant from appellant's home. The trial judge, LESHER, President Judge of the Seventeenth Judicial District, specially presiding, submitted the issue of fact thus raised to the jury in a manner to which no exception has been taken on behalf of appellant; that tribunal resolved it against him. For the purpose of indicating the manner in which the controlling question of law here involved arose, it is sufficient to say there was abundant competent evidence from which the jury could, and did, find that appellant, intending and designing to have sexual intercourse with the young girl named in the indictment, induced her, by the promise of a small sum of money, to come to his home and there attempted to have such intercourse with her. The attempt was an

actual one; it was made with her consent and persisted in until she told appellant he was "hurting" her.

The testimony of the medical expert called by the Commonwealth was that an examination of the child's genitals disclosed "some force had been used" upon them but that penetration had not taken place.

After directing attention to this evidence, the trial judge charged: "Now, members of the jury, if you find that there was not an actual penetration in this case then you cannot find this defendant guilty of the crime charged in the indictment, namely, statutory rape; but if you find that there was an attempt, if you find, for instance, that this defendant attempted to have sexual intercourse with this girl and that he did the things that were testified to by the girl excepting that there was not an actual penetration, and you are convinced of that beyond a reasonable doubt, you could find him guilty of an attempt to rape ...... If you find that there was no penetration but all the other elements necessary were present, that there was an attempt, then your verdict will be 'We find the defendant guilty of an attempt to commit rape.' "

The verdict read: "Guilty of attempted rape." After appellant's motion for a new trial had been denied, he was sentenced to pay a small fine and undergo imprisonment in the Allegheny County Workhouse for a term of not less than eighteen months nor more than three years. The present appeal is from that judgment.

The first and second assignments are based upon the above instructions and raise the substantial question of law with which we are now concerned. It may be thus stated: The legislature having, by the amendment of 1887 to Section 91 of the Act of 1860, created a new felony—consensual intercourse with a female above the age of ten years and under sixteen—but not having specifically enacted that an *attempt* to commit this new offense should subject the offender to a prescribed punishment, could appellant lawfully be convicted under

Section 50 of our Criminal Procedure Act of March 31, 1860, P. L. 427, 442, (18 PS §3691) of the attempt shown by the evidence in this case and subjected to the penalty imposed by the court below?

The applicable portions of Section 50 read: "If on the trial of any person charged with any felony ...... it shall appear to the jury upon the evidence, that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return, as their verdict, that the defendant is not guilty of the felony ...... charged, but is guilty of an attempt to commit the same; and thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony ...... charged in the indictment."

The history of our legislation describing, and providing punishment for, the common law offenses of having unlawful carnal knowledge of a woman of any age forcibly and against her will, and of carnally knowing and abusing any woman child under the age of ten years, with or without her consent, was set forth at length by KELLER, P. J., in the habeas corpus proceeding of *Com. ex rel. Case v. Smith,* 134 Pa. Superior Ct. 183, 3 A. 2d, 1007. We there definitely left open the above stated question.

The Act of 1860 in its 93d Section specifically defined and prescribed a punishment for the offense of "committing an assault and battery upon a female, with intent, forcibly and against her will, to have unlawful carnal knowledge of such female" and fixed the punishment at a fine not exceeding $1,000 and imprisonment "not exceeding five years." This was also an indictable offense at common law.

It now becomes necessary to consider the question left open in the Case habeas corpus proceedings;

namely, whether the creation of a new felony by the amendment of 1887 "automatically carried in its train the applicability of Section 50 of the Criminal Procedure Code."

The trial judge, relying upon the case of *Com. v. George,* 12 Pa. Superior Ct. 1, held at the trial, and in his opinion refusing a new trial, that the provisions of Section 50 were applicable. Counsel for appellant contend, on the other hand, that the George case has been so modified by *Com. v. Miller,* 80 Pa. Superior Ct. 309, that the former is no longer applicable. It is important, therefore, to note the contents of the respective indictments and to ascertain whether the question decided in the Miller case was identical with that involved in the George case.

As to form of indictment, character of evidence and instructions to the jury, the George case is on all fours with the one now at bar. The verdict there was, "Not guilty of the felony charged, but guilty of an attempt to commit felonious rape," and the sentence was a fine and imprisonment in the Allegheny County Workhouse for one year.

In affirming the conviction and sentence this court, in an opinion by ORLADY, J., said: "This indictment was for the special crime [of statutory rape] mentioned in the statute. The defendant was prosecuted for that felony and by reason of the failure of the Commonwealth to establish his guilt of the completed offense the verdict was just such as was contemplated by Section 50 of the Criminal Procedure Act of March 31, 1860, P. L. 427, which was enacted to facilitate the conviction of offenders, and avoid unnecessary delay in the administration of criminal justice. It was not necessary to reenact this section to have it apply to the Act of May 19, 1887, as they are constituent parts of a system depending upon and relating to each other as intimately as if embraced in one enactment."

Turning now to the Miller case, it is to be noted that

the indictment did not contain a count for rape, either under the 91st Section of the Code of 1860, as originally enacted, or the amendment thereto of 1887. There were two counts, the first charging the defendant, under the 93d Section of the Code, supra, with having assaulted, beaten, wounded and illtreated, a woman, "with the intent, forcibly and against her will, to have unlawful carnal knowledge of her," and the second charging simple assault and battery. It developed at the trial that the defendant was an adult and the victim a girl of thirteen. The question thereupon arose whether the defendant could be convicted on the first count if what he did was done with the consent of the girl, or in the absence of an intent upon his part to have intercourse with her forcibly and against her will. The trial judge read the amendment of 1887 to the jury and instructed them, in effect, that the defendant could be convicted upon the first count if he made any attempt to have carnal knowledge of the girl, whether she consented or not, and whether or not it was his intention to have intercourse with her forcibly and against her will. In other words, the trial judge, because the girl was under sixteen, practically read the amendment of 1887 to the 91st Section of the Code into its 93d Section.

That portion of the charge was assigned for error in this court. Judge WILLIAM D. PORTER, an acknowledged expert in the realm of criminal law and procedure, wrote the opinion holding the instruction erroneous and reversing the judgment with a venire.

The ground upon which the reversal was placed was that the amendment of 1887 to the 91st Section made "something felonious rape which before was not rape, either at common law or by statute, viz; consensual sexual intercourse with a female, above the age of ten years and under sixteen years," and provided a punishment therefor; that the amendment was complete in itself; and (citing *Com. v. Exler*, 243 Pa. 155, 89 A.

968) that the unamended 93d Section could not be extended by implication to embrace that amendment.

With reference to the essential elements of the offense described in the 93d Section it was said: "An assault and battery, with the intent, forcibly and against her will, to have unlawful carnal knowledge of a woman, was a common law offense: 4 Blackstone's Com. 216. The Act of 1860 [sec. 93] was declaratory of the common law, but it provided a distinct penalty for this offense. The first count of the indictment in this case was properly drawn in the language of the statute and charged that the assault was made, 'with the intent, forcibly and against her will to have unlawful carnal knowledge' of the female. Force and the absence of consent of the woman were essential elements of the crime, both at common law and under the statute; *Kelly v. Com.*, 1 Grant 484."

It is clear that the Miller case was based upon and involved only the 93d Section; there was no room in its trial or disposition in this court for the operation of Section 50 of the Criminal Procedure Act. *Com. v. Didomenico*, 131 Pa. Superior Ct. 113, 198 A. 909, is another illustration of the principle announced in the Miller case.

Our conclusion is that the questions of law involved in the Miller case were entirely separate and distinct from those decided in the George case and that the latter has not been modified in any way by the former. It follows that the instructions complained of in the first and second assignments were not erroneous and these assignments are accordingly overruled.

The only function the 93d Section can be permitted to play in this case is in connection with the principle announced by Mr. Justice DUNCAN in *Rogers v. Com.*, 5 S. & R. 463, 467, that, "It never could be the intention of the legislature to punish with greater severity an abortive attempt than a successful issue, or leave it in the power of the court to do so." The sentence here

is well within the punishment prescribed by the 93d Section for the common law offense of attempted rape.

Having concluded that appellant was properly convicted under Section 50 of an attempt to commit the crime charged in the indictment, the only matter remaining for discussion is the provision of the section which reads: "And thereupon such person shall be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony or misdemeanor charged in the indictment." As above mentioned, an assault and battery with intent forcibly and against her will to have unlawful carnal knowledge of a woman was a common law offense. As the evidence in this case shows that the child consented to the acts committed by appellant, we inquire whether he could have been indicted and convicted at common law for the attempt shown by the evidence in this case. The distinction between an indictment at common law for an *assault*, with intent to carnally know and abuse a female under the age of consent, and an indictment for an *attempt* to carnally know and abuse such a female, and in the character of the proofs essential to sustain each, is set forth in the annotation in 81 A. L. R., at page 599, of the case of *State v. Wilson*, 162 S. C. 413, 161 S. E. 104, where in stating the rule in England the following appears: "Thus, in *Reg. v. Martin* (1839) 9 Car. & P. 213, 173 Eng. Reprint, 807, the court held that a conviction for *assault* with intent to carnally know and abuse a female between the ages of ten and twelve years could not be sustained where the evidence showed that the female consented to what was done, but that an indictment would lie for an *attempt* to carnally know and abuse such a female although she consented. To the same effect, see *Reg. v. Martin* (1840) 9 Car. & P. 215, 173 Eng. Reprint, 808." (Italics supplied)

The reason assigned for the first proposition is that consent eliminates the element of force and resistance

necessary to constitute an assault. It therefore seems to be the law that appellant might have been indicted and convicted at common law for the misdemeanor of "attempting to commit the particular felony charged in the indictment," although the evidence for the Commonwealth showed consent upon the part of the female.

The present situation is therefore comparable with that which existed in the case of *Com. v. DeGrange*, 97 Pa. Superior Ct. 181. We there referred to Section 178 of the Penal Code of March 31, 1860, P. L. 382, (18 PS §3741), which provides that "every felony, misdemeanor or offense whatever, not especially provided for by this act, may and shall be punished as heretofore," as a "saving section" with respect to offenses not specifically defined in the Code but indictable at common law. Among the offenses described as misdemeanors at common law are those less than felony, but such "trespasses against good morals" as tend "to outrage decency." The offense of which appellant was convicted is clearly within that class. As to such, "when the specific punishment is not prescribed it is uniformly and universally understood to be that annexed to common law misdemeanor, viz: fine, and imprisonment": 7 Smith Laws, 713. See also *Com. v. Flaherty*, 25 Pa. Superior Ct. 490.

*Com. v. Varner*, 74 Pa. Superior Ct. 529, is cited by the Commonwealth. The question in that case was the sufficiency of the indictment to sustain the verdict. It arose upon a motion in arrest of judgment; the evidence was not before this court upon the appeal; and the question here involved was not considered in that case. We have examined all the assignments; none of them can be sustained.

The judgment is affirmed and it is ordered that the appellant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it that had not been performed at the time this appeal was made a supersedeas.