## Commonwealth ex rel. Cavalucci v. Smith, Warden.

614

Opinion by Keller, P. J., April 11, 1944:

All of the reasons, presented by the petitioner as grounds for his discharge from confinement in the penitentiary in this habeas corpus proceeding, *except one*, relate to alleged errors on the trial of the indictments charging him with various offenses, which errors, if made, were reviewable only on appeal and are not ground for discharge on writ of habeas corpus: *Com. ex rel Biglow, v. Ashe, Warden,* 348 Pa. 409, 35 A. 2d 340. That one exception relates to his sentence on a verdict of guilty on indictment No. 222 April Sessions 1933, charging him with *attempted rape* of a girl under sixteen years, under which he was ordered to be imprisoned in the penitentiary for not less than five years nor more than ten years, to begin after the expiration of sentences on bills Nos. 220 and 221 charging rape, on each of which he was sentenced to imprisonment for seven and one-half to fifteen years, to run consecutively, and followed

by sentence on bill No. 223, charging rape, on which he was sentenced to imprisonment for five to ten years, to take effect after the expiration of sentence on bill No. 222.

These four bills were tried together on May 3, 1933 and resulted in verdicts of guilty as to all. The petitioner was represented by capable counsel throughout the trial.

The next day, May 4, 1933, he was tried on twelve other indictments charging assault and battery with attempt to ravish, attempted rape, etc., and was found guilty on all of them—but no sentence was imposed on any of them. These bills bear the notation "Sentence on 220, 221, 222, 223." During this trial he was represented by the same capable counsel until near the close of the trial, when counsel asked permission to withdraw from the case because the defendant on the witness stand was not subject to any control and made a scene in court contrary to his counsel's instructions and advice.

The only question that comes before us for consideration in this proceeding is, was the sentence of five to ten years on bill No. 222 a valid sentence? We hold that it was not, to the extent that it exceeded two and one-half to five years, and must be reduced to the legal limits of sentence.

We held in *Com. v. George,* 12 Pa. Superior Ct. 1, that on an indictment charging felonious rape under the Act of May 19, 1887, P. L. 128, of a female child over ten years and under sixteen years of age, a man could be convicted of an attempt to commit rape, where he took liberties with the child, without force and not amounting to rape, there being no count in the indictment charging assault and battery with intent forcibly and against her will to have unlawful carnal knowledge of the child (Sec. 93 of the Penal Code of 1860, P. L. 382) ; and in *Com. v. Miller,* 80 Pa. Superior Ct. 309, we held

that force and absence of consent were essential elements of the crime covered by the 93d section of that code, and that a conviction under that section could not be sustained where the assault and battery on the girl were not shown to have been made with intent *forcibly and against her will* to have unlawful carnal knowledge of her. See also *Com. v. Jaynes,* 137 Pa. Superior Ct. 511, 516, 10 A. 2d 90.

We reviewed the abovenamed cases and the cases cited in them in *Com. ex rel. Case v. Smith, Warden,* 134 Pa. Superior Ct. 183, 3 A. 2d 1007, to wit, *Kelly v. Com.,* 1 Grant 484, *Smith v. Com.* 54 Pa. 209, *Harman v. Com.,* 12 S. & R. 69 and *Hackett v. Com.,* 15 Pa. 95, and held that as respects forcible rape, as distinguished from the consensual sexual intercourse with a female child over ten years old and under sixteen years old, there is no distinction between attempted rape and assault and battery with intent to commit rape (Sec. 93, supra) ; and we said further, that while as respects such consensual intercourse, declared to be felonious rape under the Act of 1887, supra, attempted rape was distinguishable from assault and battery with intent to commit rape, "...... if section 50 of the Criminal Procedure Code [of 1860, P. L. 427] automatically applies to the new felony created under the amendment [to section 91 of the Penal Code] of 1887, supra, it is certain that the attempt to commit the new felony, viz., consensual sexual intercourse with a female over the age of ten years and under sixteen years, commonly referred to as 'statutory rape' should not carry with it a heavier penalty than that prescribed for attempt to commit forcible rape, or assault and battery with intent to commit such rape, under section 93, for which the maximum penalty is five years in the penitentiary." See also *Com. v. Orris,* 136 Pa. Superior Ct. 137, 7 A. 2d 88; *Com. ex rel. Swisher v. Ashe, Warden,* 145 Pa. Superior Ct. 454, 457-460, 21 A. 2d 479.

The district attorney attempts to justify the sentence of five to ten years by referring to the fourth section of the Act of April 5, 1790, 2 Sm. Laws 531, 532, as amended by the first section of the supplement of April 4, 1807, 4 Sm. Laws 393, by which the courts were invested with the power of extending the imprisonment in the cases therein provided for, "to a period not exceeding seven years in their discretion". But the Act of 1807 did not extend the penalty to imprisonment for *ten* years. Furthermore, the Criminal Procedure Act of 1860, P. L. 427, in section 79, (the repealing section) specifically provides, "The following named acts of assembly, and parts thereof, and all other parts of the criminal laws of this state, and forms of procedure relative thereto, so far as the same are altered and supplied by the act to consolidate, revise and amend the penal laws of this commonwealth [Act of 1860, P. L. 382], and by this act, be and the same are hereby repealed ......

......

"1790, April 5. Section 1st, 2d, 3d, 4th, 5th, 6th, 7th, 32d and 33d, of an act to reform the penal laws of this state.

......

"1807, April 4. Sections 1st, 2d, 3d and 6th of a further supplement to the penal laws of this state."

We are of opinion that the sentence of imprisonment in the Eastern State Penitentiary under bill No. 222 could not exceed a maximum of five years, and it is hereby corrected, so as to read, "for a period of not less than two and a half years nor more than five years to begin at the expiration of sentence imposed on bill No. 221".

In all other respects, the rule is discharged, and the petition is denied.