## Commonwealth ex rel. Conrad *v.* Warden of Eastern State Penitentiary.

PER CURIAM, July 15, 1949:

Relator in this habeas corpus application pleaded guilty, in the Court of Quarter Sessions of Philadelphia County, September Sessions, 1939, to three bills of indictment: No. 1332 charging, in four counts, assault and battery, aggravated assault and battery, assault and battery with intent to ravish, and attempted rape; No. 1333 charging, in two counts, taking female child under the age of sixteen years for the purpose of sexual intercourse, and inveigling and enticing the same for said purpose; and No. 1334 charging sodomy. The court thereupon sentenced the relator to consecutive terms in the Eastern State Penitentiary—on No. 1332, seven and one-half to fifteen years; on No. 1333, two and one-half to five years; and on No. 1334, five to ten years. Testimony taken to inform the court in imposing sentence showed that all the offenses were committed upon a single female child who was eight years of age.

The sole contention here presented is that the sentence imposed upon bill No. 1332 is in excess of the legal maximum and should be corrected accordingly.[1] The lower court apparently based this sentence upon section 721 of the Act of June 24, 1939, P. L. 872, 18 PS §4721, which provides that one who commits rape or "statutory rape" may be sentenced to undergo imprisonment, either by separate or solitary confinement at labor, or by simple imprisonment, not exceeding fifteen years. There is, however, no specific statutory punishment prescribed for attempts to commit rape or "statutory rape." Where the criminal conduct in question falls short of the completed offense, it is essentially equivalent to the crime of assault and battery with intent to ravish, for which section 722 of the Act of June 24, 1939, P. L. 872, 18 PS §4722, provides for imprisonment, by separate or solitary confinement at labor, not exceeding five years.

---

[1] See Com. ex rel. Madden v. Ashe, 162 Pa. Superior Ct. 39, 41, 56 A. 2d 335.

In forcible rape, often referred to as rape at common law, there is no distinction between an attempt to commit rape and assault and battery with intent to rape. *Com. v. Moon,* 151 Pa. Superior Ct. 555, 561, 30 A. 2d 704. In *Com. ex rel. Cavalucci v. Smith,* 154 Pa. Superior Ct. 613, 36 A. 2d 732, under substantially similar statutes there applicable, this Court held that sentences for attempts to commit "statutory rape" may not exceed the maximum term of imprisonment provided by law for assault and battery with intent to ravish. See, also, *Com. ex rel. Case v. Smith,* 134 Pa. Superior Ct. 183, 3 A. 2d 1007. The District Attorney has filed an answer to relator's petition in which he concedes that the original sentence is excessive and that it should be corrected.

For the above considerations, we hereby correct the sentence imposed upon bill No. 1332 to read: "Sentence not less than two and one-half years nor more than five years at separate and solitary confinement in the Eastern State Penitentiary, to be computed from September 27, 1939."

In all other respects, the rule is discharged, and the petition is denied.