George W. BALLES, Jr.

v.

Judge Ernest HARVEY, the President Judge and His Associate Judges of the Common Pleas Court of Chester County, the President Judge and His Associates of the Common Pleas Court of Montgomery County, the Clerk of Courts of Chester County and the Clerk of Courts of Montgomery County.

Civ. A. No. 38066.

United States District Court
E. D. Pennsylvania.

Dec. 17, 1965.

Charles F. G. Smith, Philadelphia, Pa., for plaintiff.

Frank P. Lawley, Jr., Deputy Atty. Gen., Harrisburg, Pa., for Judge Ernest Harvey and all defendants.

DAVIS, District Judge.

■ The plaintiff has instituted this action under the Civil Rights Act, 42 U.S.C. § 1983[1] on the ground that he was deprived of and is still being deprived of his constitutional rights by certain officials of the Commonwealth of Pennsylvania because of an alleged illegal conviction for attempted statutory rape. The defendants are the Judge[2] who sentenced him, all present Judges of the Common Pleas Courts of Chester and Montgomery Counties, and the present Clerks of Courts of Chester and Montgomery Counties.

Having already served his sentence, plaintiff now requests the Court to issue a preliminary injunction impounding the records of his conviction, forbidding their use in any way, and vacating and declaring null and void the conviction itself. He claims that his record constitutes a continuing denial of his rights since it prevents him from pursuing his profession as a teacher. In addition, he contends that this Pennsylvania conviction was substantially responsible for his recent conviction in New Jersey on the charge of corrupting the morals of a minor.

The plaintiff had been indicted by the Grand Jury of Montgomery County, Pennsylvania in 1946 for the offenses of statutory rape and assault and battery with intent to ravish. He was found guilty on the statutory rape charge, but the court entered a directed verdict of acquittal on the other count.

After this conviction in Montgomery County was reversed on appeal,[3] a change of venue was granted and the case was transferred to Chester County. The plaintiff was tried three times in this county for statutory rape, the first two trials resulting in hung juries. At the third trial in December 1947, he was acquitted of statutory rape, but the jury returned a verdict of guilty of the "offense of attempt to commit statutory rape" for which he was sentenced to prison in April 1948. He then appealed to the Superior Court of Pennsylvania which affirmed the conviction.[4]

The plaintiff argues that his conviction for attempted statutory rape at a trial for statutory rape after being acquitted of assault and battery with intent to ravish was and continues to be a deprivation of his constitutional rights.

■ Initially, he appears to be claiming that he was placed in double jeopardy in violation of the Fifth Amendment of the United States Constitution. Such an argument is of no avail since the United States Supreme Court has so far refused to incorporate the double jeopardy provision of the Fifth Amendment into the Fourteenth and consequently this clause applies only to federal indictments. Bartkus v. People of State of Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); Brock v. State of

1. 42 U.S.C. § 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

2. It is clear that this Court lacks jurisdiction over Judge Harvey since he was not served within the territorial limits required under Rule 4 of the Federal Rules of Civil Procedure. At the time this action was instituted, he had retired from the bench and was living in Florida.

3. Commonwealth v. Balles, 160 Pa.Super. 148, 50 A.2d 729 (1948).

4. Commonwealth v. Balles, 163 Pa.Super. 467, 62 A.2d 91 (1948).

North Carolina, 344 U.S. 424, 73 S.Ct. 349, 97 L.Ed. 456 (1953); Palko v. State of Connecticut, 302 U.S. 319, 58 S.Ct. 149, 82 L.Ed. 288 (1937).[5]

■ In any event, assault and battery with intent to ravish and attempted statutory rape are two distinct crimes with different component parts. The former involves the element of force[6] while in the case of the latter the statute explicitly provides that consent is no defense.[7] Therefore, an acquittal of the crime of assault and battery with intent to ravish can in no way be considered an acquittal of statutory rape or attempted statutory rape. The Superior Court of Pennsylvania reached the same conclusion on this very issue in Commonwealth v. Balles, 163 Pa.Super. 467, 62 A.2d 91 (1948), which involved an appeal by this plaintiff from the conviction now in question.[8]

The plaintiff, however, contends that he was denied the right under the Sixth Amendment "to be informed of the nature and cause of the accusation". The Supreme Court has not specifically read this constitutional provision into the Fourteenth Amendment although in the landmark decision of Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), another clause of the Sixth Amendment, the right to the assistance of counsel, was made obligatory on the states. In holding that the right to counsel applied to state prosecutions, the Court used the standard that "a provision of the Bill of Rights which is 'fundamental and essential to a fair trial'

is made obligatory upon the States by the Fourteenth Amendment." In Palko v. State of Connecticut, supra, which held that the double jeopardy provision of the Fifth Amendment had no application to the States, Mr. Justice Cardozo, speaking for the Court, declared the test to be whether the particular provision is "implicit in the concept of ordered liberty." It is unnecessary for this court to decide the question of incorporation, for even assuming, without deciding, that the right "to be informed of the nature and cause of the accusation" is "implicit in the concept of ordered liberty" or "fundamental and essential to a fair trial,"[9] the plaintiff has not made out a case demonstrating that he was denied his constitutional right.

■ When the plaintiff was convicted of attempted statutory rape, he was convicted of a crime which is an integral part of the crime of statutory rape for which he was tried, inasmuch as consummated act of rape cannot exist without first the attempt to rape. A conviction for a lesser crime that is necessarily part of a greater offense with which the defendant is actually charged is a well accepted principle of the criminal law. Rule 31(c) of the Federal Rules of Criminal Procedure recognizes it[10] as does the law of the Commonwealth of Pennsylvania. See Commonwealth v. Kinner, 137 Pa.Super. 256, 9 A.2d 177 (1939); Commonwealth v. Orris, 136 Pa.Super. 137, 7 A.2d 88 (1939); Commonwealth v. George, 12 Pa.Super. 1 (1899); Pa.Stat.

5. See also United States ex rel. Melton v. Hendrick, 218 F.Supp. 293 (E.D.Pa. 1963), aff'd 330 F.2d 263 (3d Cir. 1964); United States ex rel. Battle v. Fay, 219 F.Supp. 798 (S.D.N.Y.1963).

6. Pa.Stat.Ann. tit. 18, § 4722; Commonwealth v. Moss, 173 Pa.Super. 367, 98 A. 2d 372 (1953); Commonwealth v. Moon, 151 Pa.Super. 555, 30 A.2d 704 (1943); Commonwealth v. Heaton, 145 Pa.Super. 223, 20 A.2d 921 (1941); Commonwealth v. Jaynes, 137 Pa.Super. 511, 10 A.2d 90 (1940); Commonwealth ex rel. Case v. Smith, 134 Pa.Super. 183, 3 A.2d 1007 (1939).

7. Pa.Stat.Ann. tit. 18, § 4721; Commonwealth v. Orris, 136 Pa.Super. 137, 7 A.2d 88 (1939).

8. See also Commonwealth ex rel. Conrad v. Warden of Eastern State Penitentiary, 165 Pa.Super. 374, 67 A.2d 645 (1949).

9. See United States ex rel. Turco v. Dross, 224 F.Supp. 142 (S.D.N.Y.1963).

10. Rule 31(c) of the Federal Rules of Criminal Procedure provides: "The defendant may be found guilty of an offense necessarily included in the offense charged or of an attempt to commit either the offense charged or an offense necessarily included therein if the attempt is an offense."

Ann. tit. 18, § 5107. The plaintiff, however, does not contest this principle too strenuously. Rather, he claims that because he had been specifically acquitted of the crime of assault and battery with intent to ravish, he therefore was not adequately informed of the charge against him so as to be convicted legally of attempted statutory rape. This argument is completely without merit on several grounds. First of all, any defense against the charge of statutory rape would necessarily involve a defense against the attempt to commit such an act so that the plaintiff can hardly aver that he was caught by surprise. Moreover, as stated above, the crime of assault and battery with intent to ravish involves the element of force which is not a material factor when a defendant over sixteen years old is charged with carnal knowledge of a "woman child" under sixteen years of age.[11] It is difficult therefore for this court to comprehend how acquittal on the former charge could have prejudiced the plaintiff.

■ The plaintiff, however, makes a further argument. He contends that the Pennsylvania catch-all statute[12] allowing a jury to convict a defendant of the attempt to commit the crime for which he was indicted does not apply to statutory rape. Yet he readily admits that there are Pennsylvania cases which have permitted it, see Commonwealth ex rel. Conrad v. Warden of Eastern Penitentiary, 165 Pa.Super. 374, 67 A.2d 645 (1949); Commonwealth ex rel. Cavalucci v. Smith, 154 Pa.Super. 613, 36 A.2d 732 (1944); Commonwealth v. Orris, 136 Pa. Super. 137, 7 A.2d 88 (1939); Commonwealth v. George, 12 Pa.Super. 1 (1899). He next attempts to distinguish them from the instant case on the ground that none of the cases involved a situation where there had been a prior acquittal on the count of assault and battery with intent to ravish. As noted above, attempted statutory rape and assault and battery with intent to ravish are animals of a different stripe so that an acquittal on one has no effect on the other.

■ Even if there might have been reversible error in the conduct of the trial, it should be emphasized that this court does not sit as a super-appellate tribunal to review and ferret out all possible errors committed by the courts of the Commonwealth of Pennsylvania in interpreting their own law. This court's function here is solely to determine whether there has been a violation of the Civil Rights Act, 42 U.S.C. § 1983, and therefore our purpose is limited to the protection of "any rights, privileges, or immunities secured by the Constitution and laws [of the United States]". See Sarelas v. Sheehan, 326 F.2d 490 (7th Cir. 1963).

In conclusion it is clear that no federal rights have been violated so as to invoke any relief under the Civil Rights Act. The argument of double jeopardy cannot be accepted, first because it does not constitute a denial of a federal right, privilege, or immunity and secondly, because double jeopardy was not made out in any case. The argument that the plaintiff did not have notice of the offense of which he was convicted because of a prior directed verdict on another count is completely without merit since the crime of which he was found guilty was a component part of the crime for which he was indicted and tried. Finally, any claim that the Pennsylvania courts deviated from their precedents and statutory law is immaterial under the circumstances of this case since no deprivation of federal rights occurred.

The plaintiff's motion for a preliminary injunction pursuant to 42 U.S.C. § 1983 is denied.

11. Pa.Stat.Ann. tit. 18, § 4721.

12. Pa.Stat.Ann. tit. 18, § 5107.