## Commonwealth *v.* Schaffer, Appellant.

Argued September 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Stephen J. Margolin,* Assistant District Attorney, with him *Milton M. Stein,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 30, 1972:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

Appellant was convicted of attempted larceny[1] and was sentenced to a term of imprisonment of 1-5 years. In this appeal, he raises the sole question of whether his

———

[1] While appellant was not indicted for attempted larceny but instead for larceny, his conviction on the attempt was appropriate as the Act of June 24, 1939, P. L. 872, §1107, 18 P.S. §5107, provides that when an individual is charged with a substantive offense and the proofs are only sufficient to convict him of an attempt he may be convicted for the attempt and "be liable to be punished in the same manner as if he had been convicted upon an indictment for attempting to commit the particular felony or misdemeanor charged in the indictment."

sentence was illegal, in that he alleges that his maximum sentence could not exceed two years.

The offense of attempted larceny is a common law offense. *Commonwealth ex rel. Swisher v. Ashe*, 145 Pa. Superior Ct. 454, 21 A. 2d 479 (1941). The penalty for this offense is indicated by the Act of June 24, 1939, P. L. 872, §1101, 18 P.S. 5101, which provides that "every offense now punishable either by the statute or common law of this Commonwealth and not specifically provided for by this act (1939 Penal Code) shall continue to be an offense punishable as heretofore." This provision of the Act of 1939 was derived from the Act of March 31, 1860, P. L. 382, §178, which similarly provided that "Every felony, misdemeanor or offense whatever, not specially provided for by this act, may and shall be punished as heretofore."

The Act of 1860, however, did not provide any penalties for common law crimes. The requirement of the Penal Code of 1939 that punishments for common law crimes shall be "as heretofore" must of necessity refer back to the prior penal code, the Act of April 5, 1790, 2 Smith's Laws 531, 13 Statutes At Large of Pennsylvania, pp. 511 et seq., as amended. Prior to the passage of that act, "non-capital" felonies and all misdemeanors were punishable by "burning in the hand, cutting off the ears, nailing the ear or ears to the pillory, etc." The Act of 1790 changed this, however, by providing that for any offense not capital, other than certain offenses specified in Sections III and IV of the Act not here relevant, the maximum penalty to be imposed is two years imprisonment.

This Act of 1790 was followed by the Act of April 4, 1807, 4 Smith's Laws 393, 18 Statutes at Large of Pennsylvania 480, which in Section I thereof provided that the Act of 1790 was amended to the extent that "instead of two years imprisonment, to which the power

of the courts of this commonwealth is limited . . . the said courts respectively shall hereafter be invested with the power of extending the confinement in such cases, to a period not exceeding seven years in their discretion, according to the circumstances of the case before them: Provided, always, that the power thus conferred on the said courts shall not extend to (certain specified offenses set forth in Section IV of the Act of 1790 and for other offenses not relevant herein)."

The leading interpretation of the scope of Section I of the Act of 1807 was in *Hackett v. Commonwealth,* 15 Pa. 95 (1850), wherein the Court suggested that Section 1 of the Act of 1807 was not a complete repealer of Section 4 of the Act of 1790 in that when the legislature extended the discretion of the court to sentence a person to seven years instead of two years, the legislature "most certainly" had in view "the attempt to commit those (crimes) that were formerly capital— the attempt to commit murder, rape, robbery, burglary, and arson, offenses in themselves base and infamous, and always exhibiting depravity of heart." 15 Pa. at 100. This language left open the possibility that even though Section I of the Act of 1807 specifically sets forth certain offenses for which the maximum imprisonment should not be extended to seven years, there was also a class of attempts of crimes, not capital in nature, for which the former two-year maximum set forth in the Act of 1790 would still apply.

While no lucid discussion of this point has as yet been made, this Court obviously embraced the principle in *Commonwealth ex rel. Munyan v. Smith,* 154 Pa. Superior Ct. 664 (1944). There, we held without discussion that where an accused person is convicted of a simple common law misdemeanor (indecent assault on a female child six years of age) the maximum penalty that may be imposed is simple imprisonment not ex-

ceeding two years. This disposition would have been impossible had not the two-year maximum sentence provision in the Act of 1790 been thought saved from the amendatory act of 1807 in respects other than for the designated offenses.

Further, we have in other instances indicated that the seven-year provision of the Act of 1807 does not uniformly apply to attempts where the substantive crime is less than seven years. See *Commonwealth ex rel. Swisher v. Ashe*, supra, *Commonwealth v. Orris*, 136 Pa. Superior Ct. 137, 7 A. 2d 88 (1939), and *Commonwealth ex rel. Cavalucci v. Smith*, 154 Pa. Superior Ct. 613, 36 A. 2d 732 (1944).

With this background before us, it is necessary to turn to *Commonwealth ex rel. Swisher v. Ashe*, supra, which dealt with an appellant convicted and sentenced for the attempted theft of an automobile. In *Swisher*, the appellant, who had already served more than three years imprisonment on the charge, succeeded in securing an immediate discharge by bringing a petition for writ of habeas corpus. While the appellant in that proceeding raised the argument that under the Act of 1790 he could not have been sentenced to more than two years imprisonment for the attempt, our court avoided both the Act of 1790 and the Act of 1807. Instead, we applied the principle that punishment for an attempt can never be greater than punishment for the commission of the substantive crime. Specifically, we held that since the penalty for common law larceny under Section III of the Act of 1790 was three years and to the date of the opinion in *Swisher* such penalty had been preserved, it was improper to sentence an appellant convicted of attempt to more than three years.

Thus the real thrust of *Swisher* was that no man may be imprisoned longer for attempting a larceny than would have been the case had he completed the larceny.

This does not, of course, answer the question in the instant case: Where an accused is convicted of attempted larceny, what is the maximum penalty that may be imposed?

Considering that our courts have clearly limited the effect and scope of the amendatory language in Section I of the Act of 1807 so that its seven-year provision does not apply in a blanket literal sense, we are left with the problem of defining what the Act of 1860 meant by making offenses at common law punishable as "heretofore". At the very least this must refer back to the Act of 1790, as later clearly amended, because it was the Act of 1790 that intended to generally supercede common law penalties for common law crimes.

Yet, it is impossible to confidently discern the reach of the Act of 1807 and to reconcile it with *Swisher* and with *Munyan*. The Act of 1939 incorporated the Act of 1860's standard that common law offenses are punishable as heretofore. The Act of 1790 clearly set forth a two-year sentencing maximum for common law attempts. It is clearly improper, therefore, to say that when the penalty for the substantive offense is changed, as for example when the penalty for common law larceny of three years was abandoned by the Penal Code of 1939 and made into a five-year maximum sentence, that the penalty for attempted larceny should likewise rise from three years to five years, because the penalty for the attempt should be as "heretofore". Likewise, it is not clear that a three-year maximum for attempted larceny is proper, as the only reason that could be advanced to support this position is that larceny itself was punishable at common law by a three-year sentence.

Given the perplexing nature of the problem, the obscure legislative intent and the alternative arguments that could be adduced, the disposition of this case must

be guided by the principles set forth in *Commonwealth v. Hosendorf*, 437 Pa. 219, 223, 263 A. 2d 439, 441 (1970). In *Hosendorf*, our Supreme Court quoted Justice FRANKFURTER's statement for the Court in *Bell v. United States*, 349 U.S. 81, 83 (1955), that "it is 'a presupposition of our law to resolve doubts in the enforcement of a penal code against the imposition of a harsher sentence'. Although Justice FRANKFURTER did not articulate the grounds for the presupposition, Judge FRIENDLY explained that it rests on 'the instinctive distaste against men languishing in prison unless the law maker has clearly said they should.' Mendelson, ed. Felix Frankfurter: The Judge, at 43 (1964)."

Accordingly, I would hold that the maximum penalty for attempted larceny cannot exceed two years imprisonment. I would vacate the judgment of sentence and remand for resentencing.[2]

MONTGOMERY and SPAULDING, JJ., join in this dissenting opinion.

---

[2] It should be clearly recognized that the Commonwealth is in error in relying on our language in *Commonwealth ex rel. Gobert v. Myers*, 182 Pa. Superior Ct. 254, 126 A. 2d 525 (1956), where in a per curiam opinion we stated that under the Act of June 24, 1939, P. L. 872, §1107, 18 P.S. §5107, that "the penalty for attempt is the same as for the completed offense." The act provides no such thing, but instead provides only as is indicated in footnote 1 of this opinion. This Court should clearly repudiate any language in *Gobert* to the contrary.