# Mears *versus* Commonwealth.

1. In every written legal accusation of the crime of rape, it must be laid as a felony.

2. In charging an attempt to commit a rape, the term *feloniously* is just as indispensable, as in charging the commission of the offence.

3. The court infer, that what is not charged in an indictment does not exist, and it is the business of the pleader to exclude these conclusions in favor of the defendant, by proper averments.

ERROR to the Court of Oyer and Terminer of *Dauphin county*.

August 29, 1855, defendant was arraigned, and pleaded "not guilty, *et de hoc*," &c., to the following bill of indictment.

"Dauphin county, ss. August Sessions, 1855. The grand inquest of the Commonwealth of Pennsylvania, inquiring for the county of Dauphin, upon their oaths and affirmations, respectively do present, that Samuel Mears, of the county aforesaid,

yeoman, on the seventh day of August, in the year of our Lord one thousand eight hundred and fifty-five, at the county aforesaid, and within the jurisdiction of this court, in and upon Margaret Bolen, married woman, in the fear of God, then and there being, with force and arms, an assault did make, with an intention to ravish and carnally know the said Margaret Bolen, and the said Margaret Bolen did beat, wound and evil treat, so that her life was greatly despaired of, and other harms to her then and there did, to the great damage of the said Margaret Bolen, and against the peace and dignity of the Commonwealth of Pennsylvania."

The Commonwealth *similiter*, and upon trial, defendant was convicted, and sentenced to imprisonment by separate confinement for the term of five years, &c., and this was assigned for error, and that the indictment is essentially defective, in so far as it lays an " intent to ravish and carnally know," &c., without the words, " either feloniously, unlawfully or against the will of the said Margaret Bolen."

————, for plaintiff in error.—In an indictment for rape, the word " feloniously" is necessary. 3 Ch. Cr. L. 572, 576; Whart. C. L. 144.

The words " against the will" are necessary. Ib., Whart. Prec. 101. Except where the word " feloniously" is used. 12 S. & R. 69.

These words are used in the forms of indictment for assault and battery, with intent to ravish. 3 Ch. Cr. L. 577; Cr. C. Comp. 61.

This case is ruled by that of *Stout* v. *Commonwealth*, 11 S. & R. 177, in which the indictment was exactly similar. There the Supreme Court declared that the intent was not properly laid, and that the " aggravatory matter" must be rejected. The conviction was considered to be only for an assault and battery, and the sentence being for a mere fine of $20, as proper.

The punishment for simple assault and battery is a fine, or a fine and imprisonment in the county jail.

The sentence here was applied to a conviction of assault and battery, with intent feloniously to ravish, &c., considering the intent as properly laid, under the Act of 1790, " to reform the penal laws," and the supplementary Act of 1807, which were not applicable to any case of simple assault and battery. 5 S. & R. 466; 6 Id. 224; 15 Id. 74.

On a conviction for riot, the sentence of imprisonment in the penitentiary, &c., was reversed. 8 Barr, 223. So in a case of assault and battery with intent to kill. 6 S. & R. 224. So with intent to pick pockets. 5 Id. 468.

[Mears *v.* Commonwealth.]

A sentence to imprisonment in the county goal at *hard labor,* is illegal, except where it is authorized by Act of Assembly.

The Supreme Court will discharge the prisoner, when the illegal punishment already endured is deemed sufficient. 8 Barr, 223.

This is a case in which, on a reversal of the sentence below, it is proper, in consideration of the imprisonment endured, that the Supreme Court should discharge the prisoner.

The Act of April 15, 1841, " relative to the Dauphin County Prison," Pamph. L. 189, and the Act of February 8, 1842, Id. 14, authorize imprisonment by solitary confinement at labor, &c., for crimes for which, " under the laws then in force, separate and solitary confinement shall be the punishment," or " imprisonment in the State Penitentiary."

———, for defendant in error.

The opinion of the court was delivered May 27, 1858, by ·

PORTER, J.—This is a good indictment for an assault and battery, but nothing more. By the common law, rape is a felony, for it would have cost the vassal the loss of his fee, and that is the test. In every written legal accusation of the offence, it must be laid as a felony, or not at all. In charging an intent to commit the crime, the term feloniously is just as indispensable; for when associated with a misdemeanor, the intent will take the hue of the latter act, unless by the proper term it be carried into the grade to which it belongs. This indictment not only omits that word, but it omits also to charge that the act was attempted against the will of the prosecutrix; an averment never improper in such a paper, but doubly necessary where the felony is left out of view. 12 S. & R. 69.

In the spirit of that principle which presumes innocence until guilt be established, we infer that what is not charged in an indictment does not exist, and it is the business of the pleader to exclude, by proper averments, the conclusions to which the accused is thus entitled. Tried by these rules, the present bill charged an assault on the prosecutrix, " with intent to ravish and carnally know her," but without denying her consent, for the term ravish does not necessarily import the employment of violence. This is a very different thing from rape. 11 S. & R. 177. It should have been punished simply as an assault and battery, by fine and imprisonment, and not by a sentence of five years by separate confinement at labor ; for guilty as the defendant may have been, he was to suffer only for that with which he was charged, not for that of which he was suspected. We have power to modify the sentence ; 8 Barr, 223 ; and to pronounce the less severe one which the law authorized ; but the

[Willet et uxor *v.* Seville.]

purpose of justice seems to have been sufficiently answered by the term of two years and nine months, which the prisoner has already served.

Judgment reversed and defendant discharged.