## Commonwealth *versus* Weiderhold.

One was charged in an indictment containing two counts; the first under the 137th section of the Penal Code, with feloniously attempting to burn a barn, parcel of a dwelling house; the second was the same as the first, except that it did not charge the attempt to burn to have been feloniously made. He was found not guilty, under the first count; but guilty, under the second count. On a motion in arrest of judgment, *Held* that the conviction under the second count could not be sustained, either under the 137th or the 138th sections of the Penal Code, and therefore judgment must be arrested.

April 21st, 1886.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

ERROR to the Court of Oyer and Terminer of *Schuylkill county.* Of January Term, 1886, No. 300.

On the 9th of September, 1885, the Grand Jury of Schuylkill county found the following indictment against Charles H. Weiderhold, for 1st, Felonious attempt at arson ; 2d, Attempt at arson.

The grand inquest of the Commonwealth of Pennsylvania, inquiring for the county of Schuylkill, upon their respective oaths and affirmations, do present, that Charles H. Weiderhold, late of the said county, yeoman, on the first day of September, A. D. one thousand eight hundred and eighty-five, at the county aforesaid, and within the jurisdiction of this court, with force and arms, &c., did feloniously, unlawfully, wilfully and maliciously attempt to set fire to, with intent to burn a certain barn or stable that is parcel and belongs to a dwelling house then and there situate, the same being then and there the property of Samuel Morgan, and being of the value of $5,000, and in such attempt did then and there place a quantity of combustible materials within the said barn or stable building, and then and there set fire to said combustible materials, with the intent to burn the aforesaid barn or stable building, but the said Charles Weiderhold did then and there fail in the perpetration of said offence so as aforesaid attempted to be perpetrated by him.

And the grand inquest aforesaid, upon their respective oaths and affirmations aforesaid, do further present, that the said Charles H. Weiderhold, late of the said county, yeoman, on the first day of September, A. D. one thousand eight hundred and eighty-five, at the county aforesaid, and within the jurisdiction of this court, with force and arms, &c., did unlawfully, wilfully and maliciously attempt to set fire to, with intent to burn, a certain barn or stable that is parcel and belongs to a dwelling house then and there situate, the same be

ing then and there the property of Samuel Morgan, and being of the value of $5,000, and in such attempt did then and there place a quantity of combustible materials within the said barn or stable building, and then and there set fire to said combustible materials, with the intent to burn the aforesaid barn or stable building, but the said Charles H. Weiderhold did then and there fail in the perpetration of said offence so as aforesaid attempted to be perpetrated by him, contrary to the form of the Act of the General Assembly in such case made and provided, and against the peace and dignity of the Commonwealth of Pennsylvania.

To this he pleaded not guilty. The jury found him not guilty on the first count; but guilty on the second count, and recommended him to the mercy of the court. The defendant moved in arrest of judgment and for a new trial. The motion for a new trial was overruled; but the motion in arrest of judgment was sustained. GREEN J., filing the following opinion:

This case was tried some months ago, upon an indictment for arson; containing two counts. It was supposed at the time of the trial, and for a long time subsequent, that the first count was drawn under the 137th section of the Penal Code, which makes an attempt to set fire to a barn or stable which is parcel of a dwelling house, or belonging or adjoining thereto, "felonious" arson; and that the second count was drawn under the 138th section, which makes an attempt to burn a barn or stable which is not parcel of a dwelling house a mere misdemeanor. In the charge of the court to the jury, the distinction between the two offences, as laid down in the two sections, was carefully explained. The jury, taking a very charitable view of the case, acquitted the defendant on the first count and convicted him on the second count, with a recommendation to the mercy of the court. A motion has been made in arrest, and for a new trial, and seven reasons were filed to sustain the same. It is needless to review these reasons. We think them clearly insufficient to require the granting of a new trial, and shall, therefore, dismiss them without any further remark. But a grave objection to the correctness of the verdict has arisen since the reasons for a new trial were filed. It is now discovered that the second count of the indictment, on which the defendant was convicted, is not drawn on the 138th section of the Code, but that it is drawn on the 137th section, and is an exact repetition of the first count, except that the offence is not set forth as having been done "feloniously." The effect of this is, that in the first count the offence is charged as a felony, and in the second the same offence is charged as a simple misdemeanor. But this would be in-

[Commonwealth *v.* Weiderhold.]

congruous. The law makes the offence, as described in the indictment, a felony, and yet the indictment, as framed, would give a license to the jury to disregard the law and convict of a mere misdemeanor, which they would have no right to do. It is evident that the second count is entirely superfluous as charging an offence under the 137th section ; nay, it is worse than that, it is vicious, for if it stood alone and defendant were convicted under it, we should be obliged to arrest the judgment, for the reason that the omission to charge the offence as a felony would vitiate it. It is not necessary to cite authority to show that the omission to charge the act as having been done "feloniously" is fatal, and that there could be no conviction of a felony under it. Can there be a conviction for a misdemeanor ?

In the written argument furnished us by the counsel for the Commonwealth, it is said that "the first count was framed to come within the 137th section of the Penal Code; the second count to convict upon a misdemeanor for the mere *attempt* to burn a barn that was a parcel or belonged to a dwelling house, &c." That is, either to convict of a felony under the statute, or to convict of a misdemeanor at common law, because, at the common law, mere attempts to commit felonies rise to no higher grade of offence than misdemeanor. But this cannot be done in Pennsylvania. Where the statute raises the offence from a lower to a higher grade of crime, the misdemeanor becomes merged, the offence becomes felony, and it must be prosecuted as such. Whar. Cr. Law (old edition), page 34, also page 133; Com. *v.* Gable, 7 S. and R., 423. If both of these counts could stand together, and the defendant were acquitted upon one and convicted upon the other, how should he be sentenced? Certainly not under the 137th section, for he has been acquitted of that offence. Would we be at liberty to disregard the penalties there set down, and impose punishment according to the course of the common law? Clearly not.

But it is further claimed that this conviction on the second count can be sustained under the 138th section of the Code, which makes it a misdemeanor to set fire to a barn which is "not parcel of the dwelling house." Undoubtedly it could, if the count had been framed under that section. Unfortunately it was not. We must take it as we find it, unless it may be so amended as to be considered as drawn under the 138th section. The thought of the Commonwealth's counsel, as expressed in his written argument, was that "if the court or jury decided that the barn was not a parcel or belonging to a dwelling house, to so amend the second count, either to strike out the words 'parcel or belonging to a dwelling house,' or insert the word 'not' before the words 'parcel or belonging to

a dwelling house,' which would have been perfectly proper under our law permitting amendments."

But in the first place it may be answered that the question of amendment cannot arise here, because none was asked for. The case was tried on the indictment as it stood. But in the next place, no amendment of this character could have been made even if asked for during the trial. This is regulated by the 13th section of the Criminal Procedure Act of March 31st, 1860, and authorizes the court to amend in various particulars named, when " there shall appear to be any variance between the statement of such indictment and the evidence offered in proof thereof." All the evidence produced by the Commonwealth went to prove the offence as described in the indictment.

The Commonwealth took special care to prove that the stable in question was parcel of or belonging to a dwelling house, and there was no evidence to contradict this. There was, therefore, no such " variance " as would have warranted the granting of an amendment, even if it had been asked for.

We must, therefore, deal with this count as it stands, and the only question that remains is whether we can throw out, as surplusage, so much of it as describes an offence, under the 137th section, so as to change it into an offence under the 138th section. This question must be determined not by anything extraneous—neither by the evidence in the cause, nor by the charge of the court, nor what we may believe the jury intended by their verdict.

May we then regard the words, " that parcel and belonging to a dwelling house," as surplusage? The language of the count accurately describes and sets forth an offence under the 137th section. They are necessary words to the description of the offence. They must, therefore, be regarded as intended for a charge under that section, and cannot be considered as surplusage. The manner in which the offence is charged follows closely the language of the statute, which is a sufficient description of the offence, and we are not, therefore, at liberty, arbitrarily, to strike out any part of that description in order to make the count conform to a different section of the Code and a different offence. This would be doing violence to the indictment as found, and would not be carrying out the intention of the prosecution in the drawing of the same. It does not appear that there was any clerical mistake or omission in the drawing of this second count; on the contrary, it seems to have been intentional to draw the second count in the way it appears. It is obviously defective, and I do not see how it can be cured. This is not such a case as that of Stager v. The Commonwealth, 13 W. N. C.,

[Commonwealth *v.* Weiderhold.]

200, where the indictment set forth an offence under the 138th section, and charged it as having been done "feloniously," was surplusage, because the description of the offence was the guide, and that only described an offence under the 138th section, which was, therefore, only a misdemeanor. In the present instance we have nothing within the body of the indictment to warrant us in considering any part of the second count as surplusage. The only way seems to be to consider the whole count as surplusage, and to strike it out altogether.

This may, perhaps, be considered an unfortunate result, but we must follow the law and the authorities which have been laid down for our guidance, even though the guilty may at times go unpunished. Had the second count been drawn under the 138th section, or had a third count been added under that section, as should have been done, this would have avoided the whole difficulty.

I have given a great deal of anxious thought and careful investigation to this case, and have been able to come to no other conclusion than the one indicated, and it is proper to say that this is the unanimous opinion of all the members of this bench, before whom the motion for a new trial and in arrest of judgment was argued.

It is, therefore, needless to grant a new trial, and the result is that the motion in arrest of judgment must be made absolute.

January 18th, 1886.—Motion in arrest of judgment made absolute.

The Commonwealth thereupon took this writ, assigning for error the action of the court in arresting judgment.

*J. H. James,* district attorney, and *William Wilhelm,* deputy district attorney (*R. H. Koch,* solicitor of borough of Pottsville, with them), for the Commonwealth.—The two counts in the indictment charge the offence in the language of the 137th section of the Criminal Code; the only difference in the two counts being that, in the first count, it was charged as being "feloniously" done, while in the second count the word "feloniously" is omitted.

The only reason why there could be even an excuse for using the word feloniously in charging how the offence was committed is the fact that the 137th section of the Code says that the person guilty of the offence there enumerated shall be guilty of felonious arson. But the highest authority in the United States has said that it is not necessary to use the word feloniously in describing how the offence is committed where the Act says it is a felony.

" Where a statute made it an offence to present a false affidavit to the Commissioner of Pensions, with intent to defraud the United States, then declared the person committing it to be guilty of felony, punishable by fine and imprisonment, the Supreme Court held an indictment not ill for omitting the word ' feloniously.' " " It would be otherwise," said NELSON, J., " if the felonious intent was descriptive of the offence and not simply of the punishment ": Bishop on Evidence, Pleading. Practice, 3d ed., vol. 1, § 535; United States v. Staats, 8 How., 41, 45, 46.

As to the question whether there was a proper joinder of count, for felonies triable in the Oyer and Terminer, with misdemeanors, and whether the verdict was correct upon the indictment (the defendant not demurring, but pleading to the same), the Commonwealth directs attention to the opinion of PAXSON, J.: Staeger v. The Commonwealth, 13 W. N. C., 200.

A case that is to all purposes like this one, as to the law, is Fulmer v. Commonwealth, 1 Out., 503. The case of Holmes v. Commonwealth, 1 Casey, 221, is there referred to and approved by Judge TRUNKEY. The court particularly passes upon the questions in hand in the case of the Commonwealth v. Alexander McConnell, 2 Pittsburg Reports, 210.

" Under the Code an attempt merely to burn a factory or dwelling house might amount now to arson, and be punishable as such, but the Court of Oyer and Terminer, though it might have jurisdiction, by reason of the graveness of the felony, would not have exclusive jurisdiction, in virtue of the exclusive jurisdiction clause of the Act, because it is only of burning, that exclusive jurisdiction is expressly given by that clause of the Act."

*James B. Reilly* and *W. J. Whitehouse*, for defendant in error.—It is admitted that the offence charged in this indictment is covered by the 137th section of our Criminal Code, which is in this language : The distinction between the offences covered by the 137th and 138th sections of the Criminal Code is very wide and plain, and has been so clearly decided by this court in the case of Hill v. Commonwealth, 98 Penna., 192, that " he who runs may read."

The offence, then, with which this defendant stood charged came within the provisions of the 137th section of the Code, and was so laid in the indictment—and " the Commonwealth took special care to prove that the stable in question was parcel of and belonging to a dwelling house. and there was no evidence to contradict this," say the court below in their opinion.   Hence the only offence with which the defendant stands charged in this case, is that covered by the 137th sec-

[Mohan *v.* Butler.]

tion, and of this the jury returned a verdict of "not guilty," and consequently no judgment or sentence could be imposed under the provisions of that section. What judgment, then, could be entered, or what sentence pronounced upon the verdict on the second count? None, certainly, under the 137th section of the Code, for, as already stated, the defendant was acquitted of the charge preferred under that section, and equally certain it is that no sentence could be passed by virtue of the 138th section, for the defendant was not charged or indicted under it, and the jury, therefore, could not find any verdict as to that offence, and as the two sections of our Code comprise all the law, and the only law under which the defendant could be indicted for the offence charged, it necessarily follows that no sentence at all could be pronounced upon this indictment and verdict, as was decided by the unanimous opinion of the court below.

The opinion of the court was delivered May 3d, 1886.

PER CURIAM. The learned judge committed no error in arresting the judgment sought to be entered on the second count of the indictment. The defendant was acquitted on the only valid count in the indictment under the 137th section of the Penal Code. That count correctly charged the act to be a felony. The other count cannot be sustained under section 138, as it was not framed under that section. It avers a fact not provided for in that section, but in conflict therewith. As it does not charge the act to have been done feloniously, it cannot be sustained under section 137.

Judgment affirmed.