## Commonwealth *v.* Kinner, Appellant.

Submitted September 26, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John P. Vallilee,* for appellant.

*Edwin P. Young,* District Attorney, for appellee.

OPINION BY KELLER, P. J., November 15, 1939:

The main contention of the appellant in this case is squarely ruled against him by our decision in *Com. v. Orris,* 136 Pa. Superior Ct. 137, 7 A. 2d 88, where we held, in an opinion by Judge CUNNINGHAM, in which he fully discussed the subject, that a defendant indicted in a single count drawn under section 91 of the Penal Code of 1860, P. L. 382, as amended by Act of May 19, 1887, P. L. 128, for "statutory rape", may be convicted under section 50 of the Criminal Procedure Act of March 31, 1860, P. L. 427, of an attempt to commit that felony.

The other assignments of error relate to procedural matters, none of which requires a reversal of the judgment.

(1) The indictment charged the crime substantially in the language of the Act of Assembly prohibiting it and was, therefore, good and sufficient in law: Act of March 31, 1860, P. L. 427, sec. 11, 19 PS sec. 261; *Williams v. Com.,* 91 Pa. 493.

(2) It was not necessary to charge in the indictment that the act was done 'feloniously'. The Act of 1887, supra, provides that if any person, being of the age of sixteen years and upwards, shall unlawfully and carnally know and abuse any woman child under the age of sixteen years, with or without her consent, such person shall be adjudged guilty of felonious rape. The indictment is sufficient, in this respect, if it charges the unlawful commission of the act prohibited and made punishable by the statute aforesaid. The statute itself declares such crime to be a felony, with the accompanying effects and results following conviction of a felony. Since the adoption of the Criminal Procedure

Act of 1860, P. L. 427, (see *Williams v. Com.*, 91 Pa. 493, 502) which the report of the Commissioners on the Penal Code shows was intended to do away with technical niceties in criminal pleading, whereby guilty persons unwarrantably escaped their just punishment, it is only where the crime consists in doing something unlawful *with intent to commit a felony*—such as burglary, felonious entry, and similar crimes—that it is necessary to charge in the indictment that it was done feloniously (*Com. v. Carson*, 166 Pa. 179, 30 A. 985), or with intent to commit a felony. Where the statute simply declares the forbidden act to be a felony, it is sufficient to charge the doing of the unlawful act substantially in the language of the statute, and it is not essential that the indictment charge that it was done feloniously; for the statute attaches to a conviction of the crime the consequences attending the commission of a felony. The case of *Mears v. Com.*, 2 Grant 385, was decided before the adoption of the Criminal Procedure Act of 1860, which did away with many of the formal technical requirements of criminal pleading in force prior thereto. But see, in connection therewith, *Stout v. Com.*, 11 S. & R. 177.

(3) The use of the words 'female child', instead of 'woman child', did not invalidate the indictment. Used in connection with the word 'child', which implies a human being [1], the words 'female' and 'woman' are synonymous. They are used, as meaning the same thing, for example, in the Penal Code of 1860, supra, in sections 91, 92 and 93 relating to rape and assault with intent to commit rape; Section 41, relating to seduction; the Act of June 7, 1911, P. L. 698, relating to pandering.

(4) The conviction will not be set aside, after a full and fair trial, at which the defendant, who was repre-

---

[1] See Webster's New International Dictionary, 1, a; Oxford Dictionary, B. I. 1.

sented by counsel, was sworn as a witness in his own behalf and denied the commission of the crime, because the record fails to show the entry of a formal plea. This point was not raised in the court below. If it had been, the court's notes might have shown that the defendant pleaded 'not guilty' at bar, and the failure of the clerk to note it might have been corrected.

But, in any event, the language of Judge WILLIAM D. PORTER, speaking for this court in *Com. v. Saler*, 84 Pa. Superior Ct. 281, 287, is applicable. He said: "The court did not err in refusing to arrest the judgment upon the ground that the defendant had not entered a plea of not guilty. The defendant was present at the trial and represented by counsel; assisted in the selection of the jury and the trial proceeded regularly in all respects as if the formal plea had been entered, the omission is not ground for a motion in arrest of judgment. The judgment should not be reversed for a formal defect of this sort after a trial on the merits: *Sauerman v. Weckerly*, 17 S. & R. 117; *State v. Heft*, 155 Iowa 21; *People v. Weeks*, 165 Michigan 362; *Garland v. State of Washington*, 232 U. S. 642."

In the case of *Com. v. Robinson et al. (Pent's Appeal)*, 317 Pa. 321, 176 A. 908, relied on by the appellant, the defendant Pent demurred to the evidence and was not sworn as a witness. Here, the defendant was sworn as a witness in his own behalf and, under oath, denied the commission of the crime. Such a course supplies the omission of a formal plea of not guilty.

The judgment is affirmed.