## Commonwealth v. Martini

*C. W. Kreisher*, district attorney, for Commonwealth.
*Hervey B. Smith* and *Frank E. Elmes*, for defendant.

HUMES, J., twenty-ninth judicial district, specially presiding, September 18, 1940.—Frank Martini and his wife were jointly charged with arson, and separate true bills were found by the grand jury, charging each in the

words of The Penal Code of June 24, 1939, P. L. 872, sec. 905, 18 PS §4905. Both defendants were tried together before one jury, and at the conclusion of defendants' case the court directed the jury to find the wife not guilty, but left the finding as to the husband to the jurors, who rendered their verdict "guilty". Subsequently, on the same day, defendant, by his attorneys, presented a motion to arrest the judgment and to grant a new trial, giving at the time seven reasons, and reserving the right to present additional reasons after the filing of the transcript of testimony. On June 17, 1940, the following "additional reason in arrest of judgment" was filed:

"8. Because the indictment is fatally defective in that it purports to charge defendant, Frank Martini, with the commission of a felony, yet fails and omits to charge that the act complained of was committed feloniously."

Counsel for plaintiff at the argument first took up the question raised by this additional, or eighth, reason (which is the only reason advanced in support of the motion in arrest of judgment), stating that this constituted his "best claim for relief". Inasmuch as counsel for defendant filed separate briefs on the arrest of judgment and new trial issues, we, too, shall follow the same course; we shall take up the questions separately, as if presented by separate motions; and file separate opinions and orders, particularly since it probably would have been better to have filed separate motions at the outset.

"It is not good practice to join a motion for a new trial with one in arrest of judgment": Sadler on Criminal Procedure in Pennsylvania (2d ed.) §604, p. 701.

Defendant's counsel quotes, in support of his position, 27 Am. Jur. §67, under the heading of Indictments and Informations (p. 630):

"As a general rule, the word 'feloniously' should be used in charging a felony. This is certainly so when the offense is a felony at common law, but it is the rule in many courts that the word need not be used in an indictment for a statutory felony where the accusation follows

the words of the statute and the latter does not contain the word or require its use, or where the statute does not make felonious intent an essential element of the crime."

See also 31 C. J. 699-700, Indictments and Informations, secs. 248-249, where the question is treated at length, and particularly the Permanent Annotations for 1927-31, where a new sentence has been added at note 22½ :

"If the information or indictment alleges acts to have been done which constitute a felony, it is not necessary to allege that the acts were done feloniously."

We believe these treatises correctly express the law of Pennsylvania. Prior to the enactment of the Criminal Code of March 31, 1860, P. L. 382, it was held that the word "feloniously" was absolutely essential to an indictment for rape: Mears v. Commonwealth, 2 Grant 385 (1858).

It is likewise true that in Commonwealth v. Weiderhold, 112 Pa. 584, relied on by defendant, which was decided more than 25 years after the enactment of the Criminal Code, the court used dicta indicating that the omission of the word "feloniously" was fatal (p. 586) :

"It is not necessary to cite authority to show that the omission to charge the act as having been done 'feloniously' is fatal, and that there could be no conviction of a felony under it."

We, however, do not consider those words of the court controlling because of the unparalleled facts of that case. The ostensible purpose of the Commonwealth was to charge Weiderhold in the first count with the *felony* of attempting to burn a building *parcel* of a dwelling, under section 137; and in the second with the *misdemeanor* of attempting to burn a building *not* parcel of a dwelling, under section 138; inadvertently, the word of negation was omitted in the second count, so that the two counts were identical in their description of the offense, differing only in that the word "feloniously" was present in the first count and absent in the second. The jury having

acquitted defendant on the first count, but convicted him on the second, the court had no choice but to arrest judgment, since the two findings were inconsistent and could not stand together. Naturally, since defendant had been found not guilty on the first count, which included the word "feloniously", the guilty verdict could not stand on the count where the word was omitted, for the only crime described was the charge on which he had been acquitted. The omission of the word "feloniously" in the second count could not have mattered, for even if it had been present, in the face of an acquittal on the first count, the conviction on the second count could not stand.

The Weiderhold case has not been followed on this point, so far as we can learn, but there are other authorities seeming to require the use of the word "feloniously". In Sadler on Criminal Procedure in Pennsylvania (2d ed.) §242, it is said: "Thus, if the act is made a felony it should be charged to have been feloniously done", but no cases are cited thereunder.

Within the last year, however, on November 15, 1939, the Superior Court, speaking through the president judge, squarely decided, in Commonwealth v. Kinner, 137 Pa. Superior Ct. 256, that where the indictment charges a crime substantially in the language of the act of assembly prohibiting it, it is good and sufficient in law, and where the statute simply declares the forbidden act to be a felony it is not essential to charge that it was done feloniously. The court stated that the adoption of the Criminal Procedure Act of March 31, 1860, P. L. 427, 19 PS §261, did away with many of the formal technical requirements of criminal pleading in force prior thereto, thus explaining why Mears v. Commonwealth, supra, no longer is controlling.

Defendant's counsel in the case at bar has called our attention to the "fact" that the accusation contained in the indictment does not follow the words of the statute. This position we do not understand, since comparison of the indictment with The Penal Code, supra, sec. 905,

18 PS §4905, clearly shows that the act was followed perhaps too closely. All the applicable words are alleged in the same terms as the act.

Therefore, by authority of Commonwealth v. Kinner, supra, we can only hold that the omission of the word "feloniously" in the indictment was not fatal or harmful; indeed, we believe that the addition of the word would be redundant; for since the commission of the acts prohibited by the statute causes the culprit to be "guilty of arson, a felony", the necessity of including the word "feloniously" in the indictment for arson would be tantamount to requiring that defendant be charged with "feloniously committting a felony", a monstrosity of construction as awkward as "visible to the eye", "audible to the ear", "free gratis", "final end", or that pet word of a departed jurist much admired by the writer, "irregardless".

We have said that in drawing the indictment the act was followed perhaps too closely. Points might have been raised by the defense as to the allegation of the offenses in the disjunctive, as in the act, rather than changing to the conjunctive: Sadler on Criminal Procedure in Pennsylvania §§240, 247; or as to a possibly improper joinder of the several component offenses in one count as constituting duplicity, but see Sadler, §247. However, we are of the opinion that such points may not be first raised at this stage of the case:

"Advantage of duplicity may be taken by demurrer or motion to quash, but not in arrest of judgment": Sadler, §251, citing Commonwealth v. Livingston, 18 Pa. C. C. 236, 5 Dist. R. 666, Commonwealth v. Poplave et al., 29 Dist. R. 787, and Commonwealth v. Miller, 18 Schuyl. 401.

"The objection that an indictment is bad for duplicity should be made by demurrer, by motion to quash, or by motion that the prosecution be required to elect between the offenses, and a failure to do so waives the objection and it cannot be raised by motion in arrest of judgment":

16 C. J. §2791, p. 1259, citing Commonwealth v. Hand, 3 Phila. 403.

*Order*

And now, September 18, 1940, defendant's motion in arrest of judgment is refused.