## Commonwealth v. Pollinger

*Roger B. Reynolds*, assistant district attorney, for Commonwealth.

*Desmond J. McTighe* of *Fox & McTighe*, for defendant.

KNIGHT, P. J., July 16, 1942.—Defendant was convicted before a justice of the peace of violating section 622 of The Vehicle Code of May 1, 1929, P. L. 905, and fined $25 and costs of $4.45. Defendant petitioned for allowance to appeal, and a rule was granted upon the Commonwealth to show cause why an appeal should not be allowed. This rule was made absolute, and the case was heard before the writer.

The facts are not in dispute. At 3 a.m. on April 19, 1942, defendant and one Joseph Hasko were arrested by the Norristown police in the Borough of Norris-

town. The men were riding in the automobile of defendant, which was being operated by Hasko. Both men were under the influence of intoxicating liquor. They were taken before Charles J. Gorman, a justice of the peace, where they were both charged with violating section 620 (f) of The Vehicle Code, supra, and held under $500 bail for court. Subsequently both pleaded guilty, and were sentenced by this court.

At the hearing before Justice of the Peace Gorman, on April 19th, defendant was charged also with a violation of section 622 of The Vehicle Code, supra, found guilty, and fined $25 and costs. It is this conviction that is appealed.

Section 620 (f) of The Vehicle Code, supra, makes it a misdemeanor for any person to operate a motor vehicle while under the influence of intoxicating liquor, or to permit any person under the influence of intoxicating liquor to operate any motor vehicle owned by him or in his custody or control.

As above set forth, Hasko pleaded guilty to operating while under the influence of liquor, and was sentenced by this court, and defendant pleaded guilty to permitting Hasko to operate, and was likewise sentenced by this court.

Section 622 of The Vehicle Code, supra, provides as follows:

"No person shall authorize or permit a motor vehicle owned by him, or under his control, to be operated by any person who has no legal right to do so, or in violation of any of the provisions of this act."

So far as this record disclosed, the conviction of defendant under section 622, supra, was based entirely upon the fact that he allowed Hasko to operate his, defendant's, automobile when Hasko was under the influence of intoxicating liquor. It was for precisely the same illegal act that defendant was sentenced in this court.

Section 63 of the Statutory Construction Act of May 28, 1937, P. L. 1019, writes into the statute law

a well-recognized principle of statutory construction, namely:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

Section 622 of The Vehicle Code, supra, is a general provision, enacted by the legislature, with the intention, no doubt, of covering cases which were not provided for by the special provisions of the act.

The legislature by section 620 (f) made it a misdemeanor for the owner of a car to permit it to be operated by a person under the influence of liquor, and provided a substantial penalty for the offense.

This special provision is not in conflict with section 622, which covers other offenses: see Commonwealth v. Wettig, 15 D. & C. 482 (1931). We are of the opinion that when the act or conduct charged against a defendant is prohibited specifically and in so many words by The Vehicle Code then the prosecution must be brought under the section containing such specific prohibition, and not under section 622.

The record in this case discloses that the offense charged under section 622 is not in any way separate and distinct from the offense charged against this defendant under section 620 (f) of this code. It was never the intention of the legislature to subject a defendant to two penalties for exactly the same offense.

The common-law doctrine of merger has been generally disregarded in modern practice, but it is still the law that whenever a statute raises the grade of the offense from a lower to a higher crime, the misde-

meanor is merged in the felony: Miller, Hand Book on Criminal Law (1923) 485; Commonwealth v. Weiderhold, 112 Pa. 584 (1886). By like reasoning it may be argued that the summary offense of permitting a motor vehicle to be operated by any person who has no legal right to do so is merged in the misdemeanor of permitting a motor vehicle to be operated by one under the influence of liquor, in violation of section 620 (f) of the code.

For the above reasons, and others, we are of the opinion that defendant was improperly convicted of a violation of section 622 of The Vehicle Code.

And now, July 16, 1942, defendant is found "not guilty".