## Commonwealth v. Dawson

*John Kurtz*, district attorney, and *Morris Moore*, assistant district attorney, for Commonwealth.

*T. D. Wade*, for defendant.

HARVEY, J., October 18, 1948.—Defendant was convicted by the jury of arson, as defined by section 905 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4905. His motion for a new trial is before us after argument. All of the reasons assigned in support of the motion may be disposed of by our determination of the question raised by the first one, that is whether or not the verdict is against the law.

The indictment charges that defendant at a certain time and place: "within the jurisdiction of this court, with force and arms, etc., did then and there unlawfully, feloniously, wilfully and maliciously aid, counsel and procure the burning of a certain building, to wit: a barn, the property of Wm. M. N. Robinson, contrary to the form of the act of assembly in such case made

and provided and against the peace and dignity of the Commonwealth of Pennsylvania."

Specifically, defendant contends (1) that there is "nothing in the evidence to show where the barn was located, whether or not it was a parcel of the curtilage of the Robinson property", and (2) that there is no sufficient evidence that defendant "aided, counseled and procured the burning of the barn in question".

1. Section 905 of The Penal Code of 1939 provides as follows:

"Arson:

"Whoever, wilfully and maliciously, sets fire to or burns, or causes to be burned, or who aids, counsels, or procures the burning of any dwelling house, kitchen, shop, barn, stable, or other outhouse, that is parcel thereof, or belonging to or adjoining thereto, whether the property of himself or of another, is guilty of arson, a felony, and upon conviction thereof, shall be sentenced to imprisonment in solitary confinement for not exceeding twenty (20) years, or fined not exceeding ten thousand dollars ($10,000), or both.

"Whoever, wilfully or maliciously, sets fire to, or burns, or causes to be burned, or aids, counsels, or procures the burning of any building, whether the property of himself or of another, not a parcel of a dwelling house, or any other building or structure used in connection with any industrial establishment or mine, whether the property of himself or of another, or any bridge, is guilty of the felony of arson, and upon conviction thereof, shall be sentenced to imprisonment for not more than ten (10) years, or fined not more than five thousand dollars ($5,000) or both."

It will be noted that there are two offenses thereby prescribed: the one by the first paragraph, where the subject of the prohibited act is a "dwelling house, kitchen, shop, barn, stable, or other outhouse, that is parcel thereof, or belonging to or adjoining thereto";

the other, by the second paragraph, where that subject is "any building . . . not a parcel of a dwelling house, or any other building or structure used in connection with any industrial establishment or mine . . . or any bridge." These two paragraphs supply and in substance (except in classification of the offenses) reënact the one hundred and thirty-seventh and one hundred and thirty-eighth sections of the Criminal Code of March 31, 1860, P. L. 382. Just as under the Criminal Code of 1860, those two sections declared separate and distinct offenses (see Commonwealth v. Weiderhold, 112 Pa. 584), so also section 905 of The Penal Code of 1939, supra, declares separate and distinct offenses, although each is there made a felony.

The indictment here does not set forth the offense provided by the first paragraph of section 905 of The Penal Code of 1939, because as was said in Commonwealth v. Weiderhold, supra, at page 587 of the opinion, in respect of section 137 of the Criminal Code of 1860, "the words": that is parcel thereof, or belonging to or adjoining a dwelling house (or the substance thereof) "are necessary words to the description of the offense" provided by that paragraph of that section of The Penal Code of 1939.

In Commonwealth v. Braunfeldt, 72 Pa. Superior Ct. 25, 31, it was said:

"While the 138th section provides for the burning of a barn that is not parcel of a dwelling house, nor. adjoining thereto, it is not necessary to aver these details in an indictment under that section: Stager v. Com., 103 Pa. 469; Com. v. Weiderhold, 112 Pa. 584." We see no reason why this ruling should not be applied to the second paragraph of section 905 of The Penal Code of 1939, supra. It follows that the indictment here charges a violation of that paragraph.

Adverting to the principal question, it must be conceded that there is no proof the barn here burned

was "not a parcel of a dwelling house", or was "used in connection with any industrial establishment or mine".

This deficiency is fatal to the Commonwealth's case because, of course, in accordance with the general rule of criminal law, in arson, "Undoubtedly it was necessary to prove beyond a reasonable doubt each element essential to sustain a criminal conviction": Commonwealth v. Smith, 111 Pa. Superior Ct. 363, 366.

This is horn-book law, but it may be well to refer to one of the reasons why it must be applied here.

Impliedly, if not expressly as in some other jurisdictions, the court by the judgment of conviction and sentence finds the act of defendant and the circumstances surrounding it which make it criminal and constitute the offense charged, and which must sustain the penalty imposed. In this case, the imposition of the penalty provided for the offense charged, to wit, the aiding, counseling and procuring of the burning of a building not parcel of a dwelling house, or . . . used in connection with any industrial establishment . . . or any bridge, cannot be sustained because the court in rendering judgment cannot find from the evidence the essential element of the offense, to wit, the characteristic of the barn in relation to a dwelling house or in respect of its use.

For these reasons, the verdict was against the law and we are constrained to grant a new trial.

2. Our conclusion above stated that the verdict was against the law renders it unnecessary for us to discuss at length the contention that the evidence was not sufficient to prove defendant "aided, counseled and procured the burning of the barn in question". After careful consideration of all the evidence, we conclude that there was ample evidence supporting the finding of the jury in that regard.

3. As we have indicated, our disposition of the first reason assigned in support of the motion before us, in effect, disposes of all the reasons but a brief reference may be made to the fifth reason. The record does not show that defendant demurred to the evidence. Defendant is not harmed by this omission, because the questions which would have been so raised have been disposed of and, where such a demurrer is erroneously overruled, the only remedial action to which defendant is entitled is the allowance of a new trial, which he here otherwise obtains.

And now, October 18, 1948, new trial granted.