NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 14-4330

————————

FRANCESCO MESSINA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent

————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(District Court No.:  A034-418-285)
Immigration Judge:  Honorable Andrew Arthur

————————————

Submitted under Third Circuit LAR 34.1(a)
on September 9, 2015

Before:  VANASKIE, NYGAARD, and RENDELL, Circuit Judges

(Opinion filed:  October 15, 2015)

————————

O P I N I O N*

————————

**RENDELL**, Circuit Judge:

———————————

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Petitioner Francesco Messina appeals from the decision by the Board of Immigration Appeals ("BIA") to affirm the Immigration Judge's ("IJ") denial of his application for cancellation of removal under Immigration and Nationality Act ("INA") § 240A, 8 U.S.C. § 1229b. Because we agree with the IJ and the BIA that Messina is ineligible for cancellation of removal, we will affirm.

## I. BACKGROUND

Messina is a citizen of Italy, and he was admitted to the United States as a lawful permanent resident in 1975. In 2013, Messina was convicted in state court of two counts of delivery or manufacture of a controlled substance, in violation of 35 Pa. Cons. Stat. § 780-113(a)(30). Messina pled guilty to counts four and thirty-six of the criminal information, in which the government alleged that Messina "did feloniously manufacture, knowingly create, deliver or possess with intent to manufacture or deliver a controlled substance or counterfeit controlled substance, classified in Schedule I, II, or III to wit: METHAMPHETAMINE." (A.R. 141, 147.) The judgment reflects that the amount of methamphetamine involved in count four was "over 2 grams," and that the amount involved in count thirty-six was "over 5 grams." (A.R. 134.)

In September 2013, the Department of Homeland Security ("DHS") served Messina with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(B)(i), as an alien convicted of controlled substance offense, and 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony in the form of a drug trafficking crime. Messina requested cancellation of removal for lawful permanent

2

residents, but the IJ determined that Messina was ineligible for cancellation of removal. The BIA affirmed the IJ's decision.

## II. DISCUSSION[1]

### A. Aggravated Felony Drug Trafficking Crime

The BIA reasonably determined that Messina's felony drug conviction under 35 Pa. Cons. Stat. § 780-113(a)(30) was an aggravated felony drug trafficking crime under 8 U.S.C. § 1101(a)(43)(B), making him ineligible for cancellation of removal for lawful permanent residents.

Messina was convicted under a statute that criminalizes "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act." 35 Pa. Cons. Stat. § 780-113(a)(30). The punishment for violating § 780-113(a)(30) depends on the nature of the substance involved. *See United States v. Abbott*, 748 F.3d 154, 158 (3d Cir. 2014). Under Pennsylvania law, a "controlled substance" is defined in a series of schedules, and methamphetamine is listed on Schedule II. 35 Pa. Cons. Stat. § 780-104(2)(iii)(4). When the substance involved is methamphetamine, the offense is a felony punishable by up to ten years in prison. 35 Pa. Cons. Stat. § 780-113(f)(1.1).

In order to determine whether an offense is an aggravated felony, we can employ the "hypothetical federal felony" approach, where the state conviction is an aggravated

---

[1] We have jurisdiction to review Messina's petition for review, which presents a question of law, under 8 U.S.C. § 1252(a)(2)(D). We "review the BIA's legal decisions *de novo . . .* but will afford *Chevron* deference to the BIA's reasonable interpretations of statutes which it is charged with administering." *Kamara v. Att'y Gen. of U.S.*, 420 F.3d 202, 211 (3d Cir. 2005).

felony if it would qualify as a felony under the Federal Controlled Substances Act. *See Jeune v. Att'y Gen. of U.S.*, 476 F.3d 199, 201 (3d Cir. 2007). We have previously held that § 780-113(a)(30) is a "disjunctive" statute, meaning that on its face, it is unclear whether a conviction under that statute was an aggravated felony. Only some variations under § 780-113(a)(30) meet those requirements. *See Garcia v. Att'y Gen. of U.S.*, 462 F.3d 287, 292-93 (3d Cir. 2006). Because § 780-113(a)(30) is disjunctive, we may employ the "modified categorical approach," which allows us to look beyond the face of the statute to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" to determine which of the alternative elements were involved in the defendant's conviction. *Abbott*, 748 F.3d at 158 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)).

We agree with the BIA's determination that Messina's conviction qualifies as an aggravated felony drug trafficking crime under the "hypothetical federal felony" approach. Messina's argument that there is no federal drug offense analogous to § 780-113(a)(30) is patently incorrect.[2] This Court has ruled that there is a federal drug statute that is analogous to § 780-113(a)(30)—21 U.S.C. § 841(a)—which prohibits the

---

[2] Messina argues that § 780-113(a)(30) is too broad to be analogous to a federal drug offense because it includes the "felonious manufacturing of a drug," a term not included in any potentially analogous federal statute. However, the term "felonious" is included in the charging instrument in order to make clear that the crime includes the intent to commit a felony—it is not a requirement of the statute of conviction. *See Commonwealth v. Kinner*, 9 A.2d 177, 178 (Pa. Super. Ct. 1939) ("[I]t is only where the crime consists in doing something unlawful with intent to commit a felony—such as burglary, felonious entry, and similar crimes—that it is necessary to charge in the indictment that it was done feloniously . . . , or with intent to commit a felony.").

"knowing[] or intentional[]" manufacture, delivery, or possession with intent to deliver a controlled substance. *See Jeune*, 476 F.3d at 205. Methamphetamine is also defined as a "controlled substance" under the federal schedule system. *See* 21 C.F.R. § 1308.12(d)(2) (listing "[m]ethamphetamine, its salts, isomers, and salts of its isomers" as a Schedule II controlled substance); *United States v. Gori*, 324 F.3d 234, 240 (3d Cir. 2003).[3]

The BIA reasonably determined that Messina's conviction under § 780-113(a)(30) was an aggravated felony drug trafficking crime under the hypothetical felony approach,[4] rendering Messina ineligible for cancellation of removal. Messina's conviction under § 780-113(a)(30) was a felony, and there is a federal drug statute analogous to the state statute—21 U.S.C. § 841(a). Because Messina's conviction involved five grams of a drug, methamphetamine, that is a controlled substance under state and federal law, Messina's conviction would be a felony under the federal law analogous to the statute of conviction, and so the hypothetical felony approach is met.

---

[3] Messina argues that the IJ and BIA improperly concluded that methamphetamine is a Schedule II controlled substance under the federal schedule system. *See* 21 U.S.C. § 812(c) (listing methamphetamine as a Schedule III controlled substance). Methamphetamine is incontrovertibly a controlled substance under federal law. *See United States v. Vento*, 533 F.2d 838, 871 n.116 (3d Cir. 1976) ("[M]ethamphetamine, whether regarded as a schedule II or a schedule III controlled substance, has always been a controlled substance under the [Controlled Substances] Act."). Furthermore, because Messina's conviction involved five grams of methamphetamine, his crime would constitute a felony under federal law regardless of the schedule on which the drug was listed. *See* 21 U.S.C. § 841(b)(1)(B)(viii).

[4] The respondent concedes that the BIA erred in ruling that Messina's offense was an aggravated felony under the illicit trafficking approach, a second way in which we can determine whether an offense is an aggravated felony. *See Jeune*, 476 F.3d at 201. However, that error is harmless because the hypothetical federal felony approach is applicable here, and so the error did not affect the outcome of the case. *See Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011).

## B. Attorney General's "Smart on Crime" Policy Initiative

The BIA reasonably determined that the Attorney General's review of the criminal justice system, "Smart on Crime: Reforming the Criminal Justice System for the 21st Century," published by the Department of Justice in August 2013 (A.R. 115-25), did not compel a different result with regard to Messina's aggravated felony. In those policy statements, the Attorney General advocated for reduced prison sentences for non-violent drug offenders. To the extent that Messina is arguing that he should receive discretion, such that removal proceedings should not have been commenced against him, the Court lacks jurisdiction to review any claim regarding the Attorney General's decision to commence removal proceedings. *See* 8 U.S.C. § 1252(g).

Furthermore, Messina concedes that these policies were not delivered in the context of immigration enforcement. And because those policies do not extend to the immigration context, Messina's argument is unavailing that the Board violated his equal protection rights by declining to apply the Attorney General's new policy initiatives to conclude that his crime was not an aggravated felony. Although Messina asserts that the Attorney General should speak consistently with regard to immigration law and criminal law, immigration enforcement and law enforcement involve different policy objectives. *See, e.g.*, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 490-91 (1999) ("What will be involved in deportation cases is not merely the disclosure of normal domestic law enforcement priorities and techniques, but often the disclosure of foreign-policy objectives and (as in this case) foreign-intelligence products and techniques.").

6

For the reasons articulated above, we affirm the BIA's conclusion that Messina's conviction under § 780-113(a)(30) constitutes an aggravated felony. We therefore also affirm the BIA's conclusion that Messina is removable as an aggravated felon and ineligible for cancellation of removal.